Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska  99501
(907) 278-9794  Fax: 278-1169
Counsel for Plaintiff

DEC 0 2, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ALASKA

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EGEGIK SPIRIT, official number ) <br> 299957, her equipment, gear, furniture, ) <br> apparel, fixtures, tackle, boats, machinery ) <br> anchors and all appurtenances, *in rem, et al.*, ) <br> ) <br> Defendants. ) <br> ) | IN ADMIRALTY <br> No. A-04-0147 CV  (RRB) |

### REPLY TO OPPOSITION TO MOTION TO
### AMEND PRE-TRIAL SCHEDULE

Plaintiff has moved for an amendment to the pre-trial schedule in this action, to permit another 45 days of discovery.  This would allow one round of written discovery, and depositions.  Only one partially-completed deposition has been taken in this case.

Defendants agree to the proposed amendment, provided that discovery is limited only to their defense, raised for the first time in their July opposition to Plaintiff's summary judgment motion, that the Note at issue was modified by oral agreement. It is noteworthy that this defense was raised after the original date for close of discovery in this action.  They offer no excuse or explanation for delay in asserting the defense.

Defendants do not assert they would be prejudiced in any way by an additional 45 days of discovery not restricted as to issue.  They also do not assert that the requested discovery would be burdensome in any way.  Plaintiff wants the discovery for the simple reason that discovery avoids or shortens trials and promotes settlement, by eliminating issues.



Plaintiff did not foresee that discovery on the history of note payment and default would be required, because the history was well-documented, and any dispute about it resolvable by the parties by reference to the paperwork. To stave off summary judgment, Defendants have tried to raise some factual issues in their opposition, that may or may not survive summary judgment. Not knowing in advance whether that will be successful, Plaintiff wants to force another round of sworn interrogatory answers, documentation and admission requests out of Defendants, all of which will show there are in fact no issues for trial.

In addition, there is a minor issue of $ 8,489.19 in unpaid loan closing costs that arguably were not pled in the Complaint, for which Plaintiff seeks an amendment. Discovery will also clear away any disputes about this claim.

In short, Plaintiff seeks another round of written discovery and perhaps 2 or 3 depositions to resolve putative factual issues concerning the breaches of the note, mortgages and loan commitment agreement (re closing costs), to avoid or minimize trial. Defendants' interest is the opposite: to keep issues alive; to draw matters out; and to avoid a day of reckoning on their indisputable breaches of the note, mortgages and loan commitment at issue in this action. Plaintiff's goal accords with judicial economy and proper dispute resolution principles. Defendants' does not.

For the foregoing reasons, the court is respectfully requested to enter the proposed order amending the pre-trial schedule in this action.

DATED this 2d day of December, 2005, at Anchorage, Alaska.

MARK C. MANNING, P.C.
Counsel for Plaintiff

By: /s/ Mark C. Manning
Mark C. Manning

This paper
has been served by mail/ hand/ fax on
12/2/05 on

Barbara Norris, Esq.
645 West Third Avenue
Anchorage, AK 99501
279-0199

Cory Birnberg, Esq.
703 Market Street, Ste. 600
San Francisco, CA 94103
(415) 398-2001

Mark C. Manning

3