Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska 99501
(907) 278-9794 Fax: 278-1169
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

CITICAPITAL COMMERCIAL CORP,          )
                                      )
           Plaintiff,                 )
                                      )
   v.                                 )
                                      )
EGEGIK SPIRIT, official number        )
299957, her equipment, gear, furniture, )
apparel, fixtures, tackle, boats, machinery )
anchors and all appurtenances, *in rem, et al.*, )
                                      )   IN ADMIRALTY
           Defendants.                )   No. A-04-0147 CV (RRB)
_____)

### REPLY TO OPPOSITION TO MOTION FOR LEAVE TO AMEND AMENDED COMPLAINT

CitiCapital has moved for an order allowing it to serve a second amended complaint, adding a claim for unpaid loan closing costs pertaining to the promissory note upon which this lawsuit is based. The costs to be recovered are outside counsel charges of $4,264.81 and $1,091.64, UCC search fees of $ 637.67 and $ 80.10, and survey charges of $ 3,093.06. Total payable costs came to $ 9,167.28, on which the *in personam* defendants paid $ 678.09, leaving an unpaid balance of $ 8,489.19.

CitiCapital seeks to make this amendment because Defendants have asserted that these costs, which is a very small part of the total claim in this action, were not adequately pled in the Complaint. Amendment will remove this issue.

CitiCapital's motion is governed by Federal Rule of Civil Procedure 15, which provides that "leave [to amend] shall be freely given when justice so requires." The

underlying purpose of Rule 15 is to "facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977,979 (9th Cir. 1981). District courts must apply the policy favoring amendments to pleadings with "extreme liberality." *Id.* The are four rare instances in which amendments should not be granted: (1) when the amendment would result in an undue delay of trial; (2) when the amendment is in bad faith; (3) when the amendment would be futile; and (4) when the amendment would prejudice the opposition. *Id.* at 980.

Defendants' reliance on *Swanson v. United States Forest Service*, 87 F. 3d 339, 345 (9th Cit. 1996) for the notion that the amendment should be denied due to undue delay is misplaced. In Swanson, the defendant, the Forest Service, had

> invited [Plaintiff] to amend its complaint to state a claim under the Administrative Procedure Act. However, it was not until six weeks after the claims were dismissed, and four days after dispositive motions were due, that [the Plaintiff] did so.

*Id.* 345. That is not what has occurred in this case. When Defendants drew the issue to CitiCapital's attention, CitiCapital first attempted to secure the amendment by stipulation, and thought defense counsel had agreed. When the stipulation was presented for signature, it emerged that a motion would be necessary, so the pending motion was filed. Furthermore, in contrast to the very substantial claim sought to be added in Swanson, adding a relatively trivial claim for counsel charges of $4,264.81 and $1,091.64, UCC search fees of $ 637.67 and $ 80.10, and survey charges of $ 3,093.06, for an unpaid balance of $ 8,489.19 in this case would not substantial increase the scope or complexity of this action.

The only other objection Defendants raise concerns discovery. It should be noted that the defense does not claim that Defendants are surprised about this claim, or that Defendants have no knowledge of the claimed items. First, they assert that discovery is closed. CitiCapital notes first that Defendants do not actually say they need to conduct discovery. Indeed, they do not. They know what the bills were, and they know they did not pay them. CitiCapital's counsel sent defense counsel a copy of the invoices in August or early September, 2005. (To resolve this issue, Defendants need only present proof of payment,

which they have never done, and do not do or assert they can do in their opposition.) Defendants write that one issue is "whether another check [besides the one returned NSF], which was not returned, was written for the same purpose...." Note they do not actually assert there was any such other check. CitiCapital's counsel represents to the court that none has ever been provided or identified by the defense. (CitiCapital's counsel again invites Defendants to bring forward any "other check" or other proof of payment, in the interest of removing this issue, if it should be removed.) Further, any suggestion that substantial discovery really would be pursued over $ 8,489.19 is not credible. But if Defendants really need any discovery, their solution is CitiCapital's pending motion to allow an additional 45 days of discovery, which CitiCapital incorporates herein by reference.

Defendants also suggest that they have invested heavily in discovery, and would be prejudiced if they had to conduct more discovery. In fact, Defendants have done nothing more than serving one set of 8 production requests and taking a partial deposition of CitiCapital's officer Joe Pitch. As previously briefed to the court, that September deposition has continued because Defendants ran out of time. Defendants have not to this day completed the deposition.

In summary, the requested amendment, coupled with the motion to allow 45 days of discovery, would assure that this matter is resolved on its merits. It would also head off motion practice over whether the Complaint as it now stands is sufficient to state a claim for the expenses. No trial has been scheduled. It is inconceivable that adding this small claim would substantially affect the timeliness of concluding this action. Defendants have not shown they would suffer any substantial prejudice.

/

/

/

For the foregoing reasons, CitiCapital requests the court issue an order allowing the amendment.

DATED this 2d day of December, 2005, at Anchorage, Alaska.

MARK C. MANNING, P.C.
Counsel for Plaintiff

By: /s/ Mark C. Manning
Mark C. Manning

This paper has been served by mail/ hand/ fax on
12/2/05 on

Barbara Norris, Esq.
645 West Third Avenue
Anchorage, AK 99501
279-0199

Cory Birnberg, Esq.
703 Market Street, Ste. 600
San Francisco, CA 94103
(415) 398-2001

/s/ Mark C. Manning
Mark C. Manning