

FILED

DEC 0 7 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By ________ Deputy



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP., Plaintiff, vs. EGEGIK SPIRIT, official number 299957, her equipment, gear, furniture, apparel, fixtures, tackle boats, machinery anchors and all appurtenances, *in rem, et al.*, Defendants. | A04-0147 CV (RRB) **ORDER REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT** (Docket No.153) |

The court has now before it a motion by the plaintiff Citicapital Commercial Corporation (Citicapital) to amend its complaint. (Docket No. 153). Said motion is opposed by defendants Woodbine Alaska Fish Company and Guy Ferrari Inc (Woodbine). (Docket No. 161; reply at 169). Oral argument has not been requested and is not deemed necessary to the disposition of the motion. For the following reasons the Citicapital's motion to amend shall be granted.

DISCUSSION

Citicapital's motion seeks to amend its complaint to add a claim for unpaid loan closing costs pertaining to the promissory note upon which this lawsuit is based. Specifically, Citicapital seeks recovery of outside counsel charges of $4,264.81 and



171

$1,091.64, UCC search fees of $637.37 and $80.10, and survey charges in the amount of $3,093.06. The total payable costs was $9,167.28 on which the *in personam* defendants paid $678.09 leaving a balance of $8,489.19.

Woodbine opposes the motion on the grounds that their has been undue delay in bringing it, the facts should have been previously known to Citicapital, and the defendants will suffer prejudice because they will be forced to incur duplicative costs that could have otherwise been avoided. Counsel for these parties disagree as to whether there was an oral agreement in place permitting the amendment; thereby making it impossible to determine if the timing of the motion to amend is justified on that ground.

Fed. R. Civ. P. 15 provides that "leave to amend shall be freely given when justice so requires." Citicapital's motion, however, comes rather late in the day. While it is not as extreme as the case Woodbine relies on – *Swanson v. United States Forest Service,* 87 F.3d 339, 345 (9th Cir. 1996) – it is late nonetheless. The court's scheduling order provided that the last date on which a motion to amend the pleadings may be filed was January 15, 2005, or later "for good cause shown." Citicapital posits that its attempt to resolve this matter by stipulation justifies the filing of the instant motion in October 2005. Woodbine is correct that the underlying facts were known to Citicapital in 2001. On the other hand, Citicapital makes a good argument that as a matter of fact the amended claim simply raises a question of whether or not Woodbine ever paid the costs in question. Obviously Woodbine's protestations that this would involve extensive discovery are disingenuous. Either the check was written or it was not.

The court must thus decide whether the lack of meaningful prejudice to Woodbine trumps the dilatory conduct of Citicapital. If the motion were not filed so long after the date set for amendment in the court's scheduling order, this would not even be a close question and Citicapital would prevail. But the simple fact is that Citicapital has



not shown good cause for the untimely filing of its motion. If the court's scheduling order is to have any meaning it must be enforced under circumstances such as these.

CONCLUSION

The plaintiff's motion to amend complaint (Docket No. 153) is hereby **DENIED.**

DATED this 6th day of December, 2005, at Anchorage, Alaska.

JOHN D. ROBERTS
United States Magistrate Judge

A04-0147--CV (RRB) on 12/7/05

M. MANNING (MANNING)
B. NORRIS