RECEIVED
AFTER 4:30 P.M.

FILED

DEC 1 9 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By _____ Deputy

Andrea E. Girolamo-Welp, ASBA 0211044
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907.277.9511
Facsimile: 907.276.2631
girolamoa@lanepowell.com

Attorneys for Markel International Limited

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF ALASKA AT ANCHORAGE

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

| | |
|---|---|
| PROVIDENCE WASHINGTON INSURANCE COMPANY, <br><br>              Plaintiff, <br><br> v. <br><br> MARKEL INTERNATIONAL LIMITED ROYAL INDEMNITY COMPANY, UNITED STATES FIDELITY AND GUARANTY COMPANY, INDUSTRIAL INDEMNITY COMPANY and ALL WEST INSURANCE COMPANY, and their authorized adjuster UNITED STATES FIRE INSURANCE COMPANY, <br><br>              Defendant. | Case No. A05-162 CV (JKS) <br><br> **OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Markel International Limited ("Markel"), by and through its counsel of record, hereby

opposes Providence Washington's Motion for Partial Dismissal of Markel's Counterclaim.

### Introduction

Denali Fuel's *CHI* counsel charges $200.00 an hour for its defense of Denali Fuel.

Except for Providence Washington, all Denali Fuel's insurers have paid $200.00 an hour. Instead,

Providence Washington, which has six primary policies covering six years, only pays the insured's

42

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

*CHI* counsel $165.00 an hour.  Providence Washington's refusal to pay $200.00 an hour has created a windfall to it, to the detriment of the other insurers as well as the insured.

Despite Providence Washington's unreasonable position with respect to *CHI* counsel's attorneys fees, the prejudice this position has caused to all involved, as well as the existence of agreements binding on Providence Washington and representations made by it both orally and in writing with respect to sharing of indemnity payments and defense costs, Providence Washington brought suit against the other insurers requesting a reallocation of payments made. Given Providence Washington's continued breach of its agreements made with the insurers as well as breach of duties to the insured, Markel answered Providence Washington's Complaint and counterclaimed.  *See Exhibit A*, Markel's Answer, Affirmative Defenses and Counterclaim.  Part of the Counterclaim, Count Four is titled "Equitable Subrogation." *Id.* at pp. 13-14.

Now, Providence Washington has moved to dismiss Count Four of Markel's Counterclaim, on the basis that this Court lacks subject matter jurisdiction pursuant to an Alaska Statute that controls the appointment of independent counsel where a conflict of interest arises that imposes a duty on the insurer to provide independent counsel to the insured.  *See* AS 21.89.100. Providence Washington's argument lack both legal merit and factual support.  The principle of equitable subrogation is a well-recognized remedy for contribution between insurers where one or more insurers have failed to contribute their fair share.  Courts have long-employed the principle of equitable subrogation to disgorge insurers from windfalls created by an insurer's breach of its duties.

## A.    The Principle of Equitable Subrogation is a Legitimate Remedy for Providence Washington's Breach of its Duty to Defend.

The doctrine of equitable subrogation is a legal fiction through which one "stands in the shoes" of another.  However, in cases where an insurer has breached its obligation to defend, and

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

another insurer has borne more than its share of defense costs, many courts, including the Alaska Supreme Court have employed the *principle* of equitable subrogation to hold that defense costs must be shared on a pro rata basis in order to disgorge the breaching insurer from the windfall it receives by withholding defense costs. *See Continental Ins. Co. v. United States Fidelity and Guar. Co.,* 528 P.2d 430, 435 (Alaska 1974); *Marwell Construction, Inc. v. Underwriters at Lloyd's, London*, 465 P.2d 298, 313 (Alaska 1970); *see also Valentine v. Aetna Ins. Co.* 564 F.2d 292, 296 (9th Cir. 1977) (recognizing California cases allowing insurers to bring other causes of action against other insurers under the principle of equitable subrogation); *Continental Casualty Co. v. Zurich Ins. Co.,* 366 P.2d 455, 461 (Cal. 1961) (principles of equitable subrogation used to make all obligated carriers who refused to defend share in costs of insured's defense).

Here, while Providence Washington has borne some of the insured's costs of defense, by only paying insured's counsel $165 per hour, while the other insurers pay $200 per hour, it has failed to pay its pro rata share and is receiving a windfall consisting of the funds it has improperly withheld. Therefore, this Court should likewise employ the *principle* of equitable subrogation and disgorge Providence Washington of this windfall; forcing it to pay the $200.00 per hour charged Insured's *CHI* counsel.

### B.  Markel's Claim for Equitable Subrogation is an Appropriate Remedy to Seek Contribution from Providence Washington.

Providence Washington's attempt to box Markel in to one use of the term equitable subrogation must fail. Based on the discussion above, as well as from the context of Count Four, it is plain that Markel seeks equitable relief from this Court, in the form of an order causing Providence Washington to be bound by its contractual agreement to contribute its proper portion to the defense of its insured. This type of a claim is perhaps more familiarly referred to as a claim for contribution.

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

On June 21, 2004, Providence Washington and Markel executed an *Agreement in Principle* providing for the amount of insurers contributions to defense costs essentially on a time on the risk basis. Providence Washington has failed to properly reimburse insured's counsel for its pro rata share of defense costs at the rate of $200.00 an hour, resulting in a shortfall. This shortfall is prejudicial to the other insurers. The *Agreement* did not provide, nor was Providence Washington ever advised that its obligation to the other insurers and the insured allowed it to contribute anything less than full defense costs. *See Exhibit A*, Agreement in Principle, at pp. 16-19. Therefore, Providence Washington should be compelled to contribute at the agreed-upon rate and properly meet its obligation to the other insurers as well as to the insured.

All agree that the doctrine of equitable subrogation can be described as a legal fiction through which one "stands in the shoes" of another. Here, it is clear that Markel does not stand in the shoes of its insured, Denali Fuel. As evidence by recent filings, Denali Fuel is filling its own shoes by moving to intervene and making its own claim *vis a vis* Providence Washington's failure to pay its share of defense costs. Rather, Markel has properly used the principle of equitable subrogation to demand that Providence Washington be held to its agreements and made to contribute its pro rata share.

### C. Markel, as another Insurer, is not Within the Intended Scope of AS 21.89.100.

Providence Washington's argument that Markel is bound by AS 21.89.100(d) is inapposite. Even under the "stand in the shoes of" manifestation of the doctrine of equitable subrogation, Markel is not bound by the arbitration mandate of AS 21.89.100(d). Alaska Statute 21.89.100 addresses the oftentimes problematic relationship between an insurer and an insured in terms of legal representation when a conflict of interest exists. The Legislature attempted to create a

balance between the insurer and insured where neither can take advantage of the other in the context of the hiring and payment of independent counsel. To that end, arbitration was chosen as the resolution mechanism between the parties where a dispute arises with respect to attorneys fees.

However, equitable subrogation is a legal *fiction*, and no one could legitimately argue that even by stepping into the shoes of the insured, Markel would be in the same actual position *vis a vis* Providence Washington as their insured. Rather, Markel and Providence Washington are on relatively equal footing and no disadvantage exists to having this issue adjudicated by the Court rather than through arbitration. In enacting AS 21.89.100, surely the Legislature never contemplated a situation such as the one at issue where multiple insureds agreed to a splitting of the defense costs of an Insured, only to one of the insurers, Providence Washington, refuse to pay its appropriate share of the fee charged by Insured's independent counsel.

Further, as all the insurers are before the Court at this time and are litigating issues stemming from the same common facts, the principles of judicial economy demand that Count Four remain before the Court and be resolved along with the other related issues.

### Conclusion

Providence Washington has refused and continues to refuse to pay a reasonable rate to insured's *CHI* counsel, despite the fact that all other insurers contribute at that rate. Then, Providence Washington, in breach of its agreements both written and spoken, brought suit against its fellow insurers for reallocation of already paid sums. Now, Providence Washington attempts to apply an Alaska Statute, clearly intended solely for the benefit and protection of the insurer/insured relationship when a conflict arises, to Markel, another insurer, to continue in its shirking of its duties both to its insured as well as the other insurers. Based on the well-recognized principle of equitable

LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

subrogation, this Court should reject Providence Washington's red-herring argument regarding subject matter jurisdiction and instead hold that Markel is entitled to its claim for contribution.

Therefore, for all the reasons presented above, Markel respectfully requests that this Court deny Providence Washington's Motion for Partial Dismissal of Markel's Claim.

DATED this 19th day of December, 2005.

LANE POWELL LLC
Attorneys for Defendant Markel International Limited, successor in interest to Terra Nova

By _A. E. Giralamo Welp_
Andrea E. Girolamo-Welp, ASBA 0211044

**LANE POWELL** LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

I certify that on December 19, 2005, a copy of the foregoing was served by mail on:

Richard Waller, Brown, Waller & Gibbs
821 N Street, Ste 103, Anchorage, AK 99501

Andrew Moses, Tom Gordon
Gordon & Polscer LLC
9755 SW Barnes Rd., Ste. 650, Portland OR 97225

Frank Pfiffner, Hughes Bauman Pfiffner Gorski Seedorf
3900 C St., Ste. 1001, Anchorage, AK 99503-5931

Mark Thorsrud, Thorsrud, Cane & Paulich
1325 4th Ave., Ste., 1300, Seattle, WA 98101

Clay Young, Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W 3rd Ave, Ste 400, Anchorage, AK 99501

Alfred Clayton, Jr., Bliss Wilkens & Clayton
500 L Street, Suite 200, Anchorage, AK 99501

_a. E. Giralamo-Welp_

052738.0001/152527.1

Andrea E. Girolamo-Welp, ASBA No. 0211044
LANE POWELL LLC
301 West Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone:   907-277-9511
Facsimile:   907-276-2631

Attorneys for Markel International Limited

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

PROVIDENCE WASHINGTON INSURANCE
COMPANY,

                              Plaintiff,

v.

MARKEL INTERNATIONAL LIMITED,
ROYAL INDEMNITY COMPANY, UNITED
STATES FIDELITY AND GUARANTY
COMPANY, INDUSTRIAL INDEMNITY
COMPANY and ALL WEST INSURANCE
COMPANY, and their authorized adjuster,
UNITED STATES FIRE INSURANCE
COMPANY,

                              Defendants.

Case No. A05-162 CV (JKS)

**ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIM OF DEFENDANT
MARKEL INTERNATIONAL LIMITED**

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

        COMES NOW Markel International Limited ("Markel"), by and through its counsel of

record, Lane Powell LLC, and files its Answer, Affirmative Defenses and Counterclaim in Response to

plaintiff's Complaint and alleges as follows:

        1.    Markel is without knowledge or information sufficient to form an opinion as to the truth of

the allegations contained within ¶ 1 of plaintiff's Complaint.

        2.    Markel admits that the principal place of business of Markel International Limited is

London, England, that it is a subsidiary of Markel Corporation and the successor in interest to Terra

Nova Syndicate, which subscribed to insurance Policies 42672 and 2347.    Markel denies that

Policy 42672 was a commercial general liability policy prior to January 30, 1981.

EXHIBIT ___4___
PAGE __1__ OF _22_

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

3.      Markel lacks sufficient information to form a belief as to the truth of the allegations contained within ¶ 3 of plaintiff's Complaint.

4.      Markel lacks sufficient information to form a belief as to the truth of the allegations contained within ¶ 4 of plaintiff's Complaint.

5.      Markel lacks sufficient information to form a belief as to the truth of the allegations contained within ¶ 5 of plaintiff's Complaint.

6.      The jurisdictional allegations in ¶ 6 of plaintiff's Complaint concern the appropriateness of state court jurisdiction over this matter and Markel denies each and every allegation contained therein.

7.      Markel admits the allegations contained within ¶ 7 of plaintiff's Complaint.

8.      Markel admits the allegations contained within ¶ 8 of plaintiff's Complaint.

9.      Markel admits the allegations contained within ¶ 9 of plaintiff's Complaint.

10.     Based upon information and belief, Markel admits the allegations contained within ¶ 10 of plaintiff's Complaint.

11.     Based upon information and belief, Markel admits the allegations contained within ¶ 11 of plaintiff's Complaint.

12.     Based upon information and belief, Markel admits the allegations contained within ¶ 12 of plaintiff's Complaint.

13.     Markel admits that Terra Nova subscribed to Policy 42672 effective from February 15, 1980 through February 15, 1981 insuring Alaska Mechanical Maintenance, Inc. ("AMM") with limits of liability of $300,000.  The limits were raised to $500,000 by endorsement effective January 30, 1981 and the named insured was modified prospectively to insure Denali Fuel Co., Inc., dba Alaska Mechanical Maintenance. Markel further admits that Terra Nova subscribed to Policy 2347 effective from February 15, 1981 through February 15, 1982 insuring Denali Fuel Co., Inc., dba Alaska Mechanical Maintenance, Inc. with limits of liability in the amount of $500,000.  Both policies were

**Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited**
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))        **Page 2**

EXHIBIT  A
PAGE  2  OF  22

subject to a $5,000 deductible.  Policy 2347 was a comprehensive general liability policy.  Markel denies each and every remaining allegation contained within ¶ 13 of plaintiff's Complaint.

14.     Based upon information and belief, Markel admits the allegations contained within ¶ 14 of plaintiff's Complaint.

15.     Based upon information and belief, Markel admits the allegations contained within ¶ 15 of plaintiff's Complaint.

16.     Markel admits the allegations contained within ¶ 16 of plaintiff's Complaint.

17.     Markel admits that subject to a detailed reservation of rights for Policies 42672 and 2347 dated April 8, 2004, Markel agreed to pay defense costs arising out of the Alaskan Village, Inc. and LaHonda/Captain Cook Estates, LLC litigation.  Based upon information and belief, Markel admits the remaining allegations of plaintiff's Complaint with regard to the remaining insurers.

18.     Based upon information and belief, Markel admits the allegations contained within ¶ 18 of plaintiff's Complaint.

19.     Markel admits the allegations contained within ¶ 19 of plaintiff's Complaint.

20.     Markel admits the allegations contained within ¶ 20 of plaintiff's Complaint.

21.     Markel denies each and every allegation contained within ¶ 21 of plaintiff's Complaint.

22.     Markel denies each and every allegation contained within ¶ 22 of plaintiff's Complaint.

23.     Markel denies each and every allegation contained within ¶ 23 of plaintiff's Complaint including all calculations prepared by plaintiff on page 9 within ¶ 23.

24.     Markel denies each and every allegation contained within ¶ 24 of plaintiff's Complaint. Markel further denies that plaintiff is entitled to any relief including the Prayer for Relief contained in ¶¶ 1, 2, 3 and 4 on pages 9 and 10 of plaintiff's Complaint.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

EXHIBIT ____A____
PAGE __3__ OF __22__

### AFFIRMATIVE DEFENSES

AND NOW, having fully answered plaintiff's Complaint, Markel asserts the following Affirmative Defenses:

1.    Markel incorporates by reference each and every allegation contained within ¶¶ 1 through 24 of its Answer to plaintiff's Complaint.

2.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3.    On June 21, 2004, plaintiff Providence Washington and Markel reached an *Agreement in Principle* for the amount of Markel's contributions to defense costs and indemnity of the LaHonda/Captain Cook LLC ("LaHonda") lawsuit and the Alaskan Village, Inc. ("AVI") litigation and Markel is entitled to specific performance and enforcement of the terms of the agreement with Providence Washington.

4.    Markel made contributions for outstanding defense costs and an indemnity contribution for the settlement of the AVI litigation in reliance upon the validity of the June 21, 2004 *Agreement in Principle* between Markel and plaintiff.

5.    Plaintiff's claims against Markel are barred by the doctrine of promissory estoppel.

6.    Plaintiff's claims against Markel are barred by the doctrine of detrimental reliance.

7.    Markel is entitled to enforcement of the *Agreement in Principle* executed between Markel and plaintiff on June 21, 2004, providing that indemnity payment obligations were to be calculated in accord with each insurer's relative percentage of coverage limits plus each insurer's relative percentage of years or risk divided by two. The *Agreement in Principle* also credited Markel's contribution with concurrent coverage with Industrial Indemnity.

8.    Alternatively, on April 7, 2005, plaintiff reached an agreement with Markel and Royal & SunAlliance ("Royal") that all contributions to the AVI settlement and future litigation should be made on a *time on the risk* basis.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

**Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited**
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))          Page 4

9.    Alternatively, Markel is entitled to enforcement and specific performance of plaintiff Providence Washington's agreement with Markel and Royal of April 7, 2005 to allocate defense and indemnity payments on a *time on the risk basis.*

10.    Plaintiff Providence Washington's claims against Markel are barred by plaintiff's agreement of April 7, 2005 to allocate defense and indemnity payments on a *time on the risk* basis and to reimburse Markel for payments made to date in the amount of $14,074.70 with respect to settlement of the LaHonda/Captain Cook and AVI claims.

11.    The June 21, 2005 *Agreement in Principle* between plaintiff and Markel provided that the defense and indemnity costs paid toward the LaHonda/Captain Cook litigation would not be readjusted. Accordingly, plaintiff is estopped from seeking a reallocation of the LaHonda/Captain Cook litigation.

12.    Plaintiff has not alleged a case or controversy and is not entitled to declaratory relief in this case.

13.    Plaintiff's claims against Markel are moot.

14.    Policy Nos. 42672 and 2347 provided concurrent coverage with policies subscribed by Industrial Indemnity, and Markel is entitled to assert the doctrine of equitable subrogation providing for a pro rata distribution between concurrent insurers in any allocation agreement.

15.    Royal's refusal to comply with the terms of the *Agreement in Principle* dated June 21, 2004 does not affect plaintiff's agreement with Markel concerning the proper allocation of defense and indemnity payments.

16.    Markel's agreement to pay defense costs with respect to Policy 42672 and Policy 2347 was made subject to a full reservation of Markel's rights and policy defenses contained within Markel's April 8, 2004 Reservation of Rights letter to counsel for Denali Fuel Company, Inc., dba Alaska Mechanical Maintenance, Inc.

**Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited**
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))          Page 5

EXHIBIT ___A___
PAGE _5_ OF _22_

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511    Fax: 907.276.2631

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

17.    Markel's settlement contributions to the AVI and LaHonda/Captain Cook settlement did not constitute a waiver of Markel's rights to assert its policy defenses to limit, deny or withdraw coverage pursuant to the terms and conditions on the policy.

18.    Markel is entitled to all policy defenses to limit or deny or withdraw coverage as articulated in its April 8, 2004 Reservation of Rights with regard to Policies 42672 and 2347.

19.    Policy 42672 and Policy 2347 are both subject to deductibles per occurrence and plaintiff has not given Markel proper credit for the deductibles.

20.    Plaintiff is barred from seeking additional contributions from Markel for either the LaHonda/Captain Cook or AVI litigation by the terms of the *Agreement in Principle*.

21.    Plaintiff's claims are barred by the applicable statute of limitations.

22.    Plaintiff has failed to properly reimburse the Insured's counsel for its pro rata share of defense costs at the rate of $200.00 an hour resulting in a shortfall and hardship to other insurers. Plaintiff has arbitrarily paid defense costs at the rate of $165.00 an hour. Defendant Markel and other insurers are entitled to compel plaintiff to pay additional defense costs at the rate of $200 an hour.

23.    Markel contributed 24.53% of the total indemnity payments for the LaHonda/Captain Cook settlement, and plaintiff is not entitled to compel Markel to make additional contributions to the LaHonda/Captain Cook settlement based upon the June 21, 2004 *Agreement in Principle* or the April 7, 2005 agreement.

24.    On April 7, 2005, plaintiff reached a written agreement with Royal and Markel that Markel's fair contribution for the AVI and LaHonda/Captain Cook indemnity was only $145,455.30, entitling Markel to a refund of $14,074.70.

25.    Markel's contribution to indemnity costs for the LaHonda/Captain Cook site was 24.53%. Given the fact that 16 policies had been identified, this payment exceeded Markel's fair contribution to settlement.

**Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited**
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))          Page 6

26.　Markel has satisfied its proportionate share of defense costs at the rate of $200 an hour and has the right of equitable subrogation against plaintiff for its failure to fully satisfy its proportion of defense costs and litigation expenses to the prejudice of others insurers.

27.　Any reallocation of defense costs or indemnity payments to include additional insurers such as USF&G and U.S. Fire should be calculated on the basis of the settlement *Agreement in Principle* on June 21, 2004 or on the *time on the risk* basis as agreed by plaintiff with Markel and Royal on April 7, 2005.

28.　Markel is entitled to recovery and collection of costs incurred in this litigation from plaintiff.

29.　Diversity jurisdiction exists in the United States District Court for the District of Alaska for this claim pursuant to 28 U.S.C. § 1332.

30.　There is no parallel state court action requiring plaintiff to proceed with this matter in state court.

31.　Markel's policy defenses and the issue of concurrent coverage were considered carefully by plaintiff in calculating Markel's proportionate share of indemnity and defense costs with respect to the June 21, 2004 *Agreement in Principle* and the April 7, 2005 Agreement to share defense costs on a *time on the risk* basis and plaintiff is not entitled to alter either agreed allocation with Markel.

32.　Plaintiff's counsel had actual authority to enter a binding agreement with Markel on June 21, 2004 to bind plaintiff to a cost-sharing agreement.

33.　Plaintiff's counsel had actual authority to bind plaintiff to agree with Markel and Royal that defense costs should be shared on a *time on the risk* basis on April 7, 2005.

34.　Markel's contribution to settlement of the AVI claim exceeded the terms of the *Agreement in Principle* between Markel and plaintiff and, accordingly, plaintiff is barred from seeking additional contributions from Markel.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511　Fax: 907.276.2631

**Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited**
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))　　　　Page 7

EXHIBIT ___*A*___
PAGE __*7*__ OF *22*

35.    Any reallocation for previous contributions to settlement of the AVI or LaHonda claim as a result of the participation of USF&G and US Fire should be calculated in accord with the indemnity formula agreed on June 21, 2004.

36.    Any reallocation for previous contributions to settlement of the AVI or LaHonda claim as a result of the participation of USF&G and U.S. Fire should be calculated on a *time on the risk basis* as agreed by plaintiff on April 7, 2005.

37.    Plaintiff's position that a reallocation of settlement contributions for the AVI and LaHonda litigation should be based strictly on a policy limits formula is not a fair allocation of liability among responsible insurers.

38.    There are at least twenty-three known policy years of coverage and plaintiff's proposed allocation unfairly attempts to shift an unproportionate indemnity contribution to Markel.

39.    Plaintiff's claims are barred by the doctrine of laches.

40.    Plaintiff's claims are barred by the doctrine of unclean hands.

**RESERVATION OF RIGHTS**

41.    The Affirmative Defenses set forth above are not an exhaustive list of all Affirmative Defenses that may ultimately be applicable, because discovery may disclose facts supporting additional defenses, and Markel specifically preserves and reserves such Affirmative Defenses, as well as all Affirmative Defenses asserted by any other defendant to this action to the extent such defenses apply to Markel's policies.

**COUNTERCLAIM**

AND NOW, having fully answered plaintiff's Complaint and asserted its Affirmative Defenses, Markel asserts the following Counterclaim against the plaintiff and for cause alleges as follows:

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

EXHIBIT  _A_
PAGE  _8_  OF _22_

## I. PARTIES AND JURISDICTION

1.    Counter-plaintiff Markel International Limited's ("Markel") principle place of business is London, England, and it is the successor in interest to Terra Nova Syndicate ("Terra Nova") that subscribed to 100% of the risk for Policy 42672 and Policy 2347 effective between February 15, 1980 through March 15, 1982.

2.    On information and belief, counter-defendant, Providence Washington ("Providence Washington") is a foreign corporation incorporated under the laws of the State of Rhode Island and provided commercial general liability insurance coverage to Denali Fuel Company, Inc. for six years commencing March 1, 1973 and concluding on March 1, 1979 with total combined limits of $700,000.00.

3.    This Court is vested with diversity jurisdiction concerning this counterclaim pursuant to Title 28 U.S.C. § 1332.

## II. FACTS

4.    Counterclaimant Markel realleges and reasserts each and every allegation, denial and affirmative defense contained within its answer and Affirmative Defenses to plaintiff's complaint.

5.    On April 8, 2004, Markel provided counsel for its insured Denali Fuel Company, Inc. d/b/a Alaska Mechanical Maintenance, Inc. ("the Insured") with a Reservation of Rights letter prepared upon behalf of Underwriters at Markel, formerly Terra Nova.  Markel's agreement to pay defense costs was based upon a full reservation of all Markel's rights under the terms and conditions of both policies to limit, deny or withdraw coverage both policies for any and all claims asserted by the Insured.

6.    Markel's Policies 42672 and 2347 overlapped and provided concurrent coverage with Industrial Indemnity policies LG 793-6286, LG 808-0592, LG 816-1755 and LG 808-0592.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

EXHIBIT ___*A*___
PAGE _*9*_ OF _*22*_

7.    In May 2004, participating insurers plaintiff/counter-defendant Providence Washington, Industrial Indemnity, Royal & SunAlliance ("Royal") and Markel agreed to pay indemnity for the LaHonda/Captain Cook litigation for a total sum of $100,000. As of that date, at least sixteen policies providing coverage for sixteen policy years had been identified. Markel had only two policies covering two policy years. Markel contributed $24,530 or 24.53% of the indemnity costs and $8,325.75 to the costs of defense.

8.    At the suggestion of counter-defendant Providence Washington, Industrial Indemnity, Markel and Royal agreed to participate in a mediation in Seattle on June 21, 2004 to reach a decision concerning settlement of the AVI claim on terms favorable to the Insured as well as payment of future defense costs for other claims. USF&G was also asked to participate and did in fact send a representative. Counter-plaintiff Markel sent a representative from London, England to Seattle to stay for three days to participate in the mediation process at great expense. At all relevant times, counter-plaintiff Markel participated in the mediation and settlement negotiations in good faith.

9.    On June 21, 2004, counter-defendant Providence Washington's counsel appeared at the mediation with full authority to bind Providence Washington to a defense and indemnity cost-sharing agreement. Counter-defendant Providence Washington's counsel and counter-plaintiff Markel executed an *Agreement in Principle* wherein Markel agreed to pay defense costs in the amount of 9.52% and indemnity in the amount of 6.73%. Counter-defendant Providence Washington agreed to pay defense costs in the amount of 28.57%. A copy of the *Agreement in Principle* is attached as Exhibit A and is incorporated by reference.

10.    The *Agreement in Principle* reflected that the parties agreed that no retroactive adjustments would be made among the participating insurers for the reallocation of payments for the LaHonda/Captain Cook litigation. Counter-defendant Providence Washington agreed that defense costs for litigation expenses and attorneys' fees for the insured would be calculated on the basis of a *time on the risk* formula. Application of this formula resulted in defense payments by Markel in the

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

EXHIBIT ___A___
PAGE _10_ OF _22_

amount of 9.52%. Providence Washington agreed with Markel that the indemnity obligation to the insured would be calculated in accordance with "*each carrier's relative percentage of coverage limits plus each carrier's relative percentage of years on the risk divided by two.*" Markel's indemnity obligation in accord with that formula was 6.73%.

11. After execution of the *Agreement in Principle*, Royal modified its position and could not perform the agreement because its counsel had not completed its coverage review and all policies had not been identified. At all relevant times, Markel remained prepared to honor its agreement with Providence Washington. Despite Royal's refusal to perform, the agreement was effective between Providence Washington and Markel.

12. In the spirit of compliance with the *Agreement in Principle*, counter-plaintiff Markel contributed 9% indemnity of the overall $1,500,000 settlement of the AVI litigation, Markel's percentage was $135,000 to facilitate a favorable settlement. Markel's additional 2% payment was made to cover any shortfall. Counter-plaintiff Markel took the position that between Markel and counter-defendant Providence Washington the two parties were bound by the *Agreement in Principle*.

13. After settlement of the AVI claim, Royal identified eight (8) policies covering eight (8) policy years that would respond to the AVI litigation and potentially other claims against the Insured. Moreover, USF&G, on information and belief, identified a policy that could potentially respond to pollution claims on behalf of the Insured. Upon information and belief, All West identified a policy that insured the Denali shareholder, Francis Mlakar. Overall, twenty-three (23) policies covering twenty-three (23) policy years have been identified as potential policies to respond to the pollution claims of the Insured.

14. Counsel for counter-defendant Providence Washington, sought to reallocate payment of the LaHonda and AVI settlements to include contributions from USF&G. Both Royal, Markel and counter-defendant Providence Washington agreed to an allocation on a *time on the risk* allocation for

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

EXHIBIT _____ *A*_____

PAGE __11__ OF _22_

funding these settlements.  On April 7, 2005, counsel for Providence Washington sent a letter which confirmed this understanding as follows:

> To briefly recap what has happened in regard to the allocation of indemnity payments, the insurers reached an *Agreement in Principle* on June 21, 2004 in Seattle, based on a formula which took into consideration each carrier's time on risk as well as the carrier's respective policy limits.  After reaching the *Agreement in Principle*, Royal & SunAlliance changed its position indicating that it would only agree to an allocation based on time on risk.  **My client, Providence Washington, has now reluctantly agreed to such an allocation in regard to the prior two settlements only.  Based upon the following calculations, Providence Washington, Terra Nova and Royal & SunAlliance would each be reimbursed . . .**

A copy of the letter prepared by Providence Washington is attached as Exhibit B and incorporated by reference.  Despite its agreement to share allocation on a *time on the risk* formula, Providence Washington filed this suit.

15.    Currently, twenty-three (23) policies covering twenty-three (23) policy years have been identified as policies that would be responsive to indemnify and pay defense costs on behalf of the Insured.

## COUNT ONE

### ENFORCEMENT OF THE JUNE 21, 2004 SETTLEMENT AGREEMENT

16.    Markel is entitled to enforcement and specific performance of the June 21, 2004 *Agreement in Principle* with Providence Washington for allocation of Markel's proportionate share of defense costs and contributions to indemnity for settlement of the AVI and LaHonda litigation.  Accordingly, Providence Washington is not entitled to recover any additional contributions from Markel for retrospective reallocation of indemnity.    Counter-plaintiff Markel is entitled to the enforcement of the terms of settlement and recovery of all costs and fees for enforcement from Providence Washington.

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

**Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited**
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))          **Page 12**

EXHIBIT ___A___
PAGE _12_ OF _22_

## COUNT TWO

### BREACH OF CONTRACT/SPECIFIC PERFORMANCE

17.    On April 7, 2005, counter-defendant Providence Washington confirmed its agreement with Royal and Markel that all contributions toward settlement of the LaHonda and AVI litigation should be reallocated based upon a *time on the risk* calculation as memorialized in Exhibit B. Counter-defendant Providence Washington breached the agreement to share defense costs on a *time on the risk* basis by filing this lawsuit.  Counter-plaintiff Markel is entitled to enforcement and specific performance of the agreement to share defense costs and provide Markel with a refund of $14,074.70 as calculated by Providence Washington for overpayment of costs of contribution toward the AVI and LaHonda litigation.  Counter-plaintiff Markel is entitled to recovery of all litigation costs arising out of enforcement of this April 7, 2005 agreement.

### COUNT THREE

### ESTOPPEL

18.    Counter-defendant Providence Washington agreed to an allocation of 22 years of coverage for the Insured on a *time on the risk* basis with counter-plaintiff Markel and Royal.  According to counter-defendant Providence Washington's formula and calculations, Markel would be entitled to a refund of $14,074.70 for overpayment of indemnity contributions made to date for the LaHonda and AVI settlements.  Counter-defendant Providence Washington should be estopped from asserting a position contrary to its agreement and now claiming entitlement to recover an additional contribution from Markel in the amount of $102,764.40.

### COUNT FOUR

### EQUITABLE SUBROGATION

19.    The Insured's counsel has billed litigation costs to all participating insurers at the hourly billing rate of $200.00 per hour.  Counter-defendant Providence Washington has refused to contribute its allocated percentage of costs of defense at the rate of $200.00 per hour and instead has arbitrarily

EXHIBIT ___*A*___
PAGE _*13*_ OF _*22*_

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511   Fax: 907.276.2631

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

reduced defense counsel's hourly rate to $165.00 per hour.    Counter-defendant Providence Washington's failure to satisfy its pro rata share of defense costs has created a shortfall and is prejudicial to Markel and other insurers.  Accordingly, counter-plaintiff Markel is entitled to assert a claim of equitable subrogation against Providence Washington to recover its pro rata share in full of all unpaid defense costs.

## PRAYER FOR RELIEF

AND NOW, having asserted its answer, Affirmative Defenses and Counterclaims against plaintiff, Providence Washington, Markel prays for the following relief:

1.    That plaintiffs' Complaint against Markel will be dismissed with prejudice;

2.    That this Court will award counter-plaintiff Markel relief on all counterclaims against counter-defendant Providence Washington;

3.    That this Court will award counter-plaintiff Markel all costs, attorneys' fees and prejudgment interest in the defense of this matter and in prosecution of its counterclaims against plaintiff Providence Washington; and

4.    That this Court will award all other relief, both legal and equitable, to which the parties are entitled.

DATED this 6th day of September, 2005.

LANE POWELL LLC
Attorneys for Defendant Markel International
Limited, successor in interest to Terra Nova

By _A E Girolamo Welp_____
Andrea E. Girolamo-Welp, ASBA No. 0211044

Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))        Page 14

EXHIBIT ___A___
PAGE __14__ OF __22__

I certify that on September 10th, 2005, a copy
of the foregoing was served by mail on:

Richard Waller, Brown, Waller & Gibbs
821 N Street, Ste 103, Anchorage, AK 99501

Frank Pfiffner, Hughes Bauman Pfiffner Gorski Seedorf
3900 C St., Ste. 1001, Anchorage, AK 99503-5931

Mark Thorsrud, Thorsrud, Cane & Paulich
1325 4th Ave., Ste., 1300, Seattle, WA 98101

Clay Young, Delaney, Wiles, Hayes, Gerety, Ellis & Young
1007 W 3rd Ave, Ste 400, Anchorage, AK 99501

Andrew S. Moses, Gordon & Polscer
9755 SW Barnes Rd., Ste. 650, Portland, OR 97225

052738.0001/150301.1

LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Tel: 907.277.9511  Fax: 907.276.2631

**Answer, Affirmative Defenses and Counterclaim of Defendant Markel International Limited**
*Providence Washington v. Markel International, et al.* (Case No. A05-162 CV (JKS))   Page 15

EXHIBIT _A_
PAGE _15_ OF _22_

Jun-22-04 02:16pm From-BROWN GIBBS                +9072762051        T-893   P.01/04   F-896

| CONFIDENTIAL | | PRIVILEGED |
|---|---|---|

## BROWN, WALLER & GIBBS
821 N Street, Suite 202
Anchorage, Alaska 99501
Facsimile (907) 276-2051
CALL (907) 276-2050 REGARDING FAX PROBLEMS

THIS FACSIMILE CONTAINS CONFIDENTIAL, PRIVILEGED INFORMATION INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED.  DO NOT READ, COPY OR DISSEMINATE THIS INFORMATION UNLESS YOU ARE THE ADDRESSEE (OR THE PERSON RESPONSIBLE FOR DELIVERING IT).  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE CALL US (COLLECT) IMMEDIATELY AT (907) 276-2050 AND RETURN THE ORIGINAL MESSAGE TO BROWN, WALLER & GIBBS (821 N STREET, SUITE 202, ANCHORAGE, ALASKA 99501) VIA THE POSTAL SERVICE.  THANK YOU.

DATE                                :    June 22, 2004

NO. OF PAGES TO COME
(INCLUDING COVER SHEET)             :    3

ADDRESSEE                           :    Andrea Girolamo
COMPANY                             :    Lane Powell Spears Lubersky
TELECOPIER NO.                      :    276-2631

SENDER                              :    Richard L. Waller

REGARDING                           :    *Denali Fuel Co.*
OUR FILE                            :    4449

---

MESSAGE:    What follows is the Agreement in Principle.

## CONFIDENTIAL

# EXHIBIT A

EXHIBIT A
PAGE 16 OF 22

SETTLEMENT COMMUNICATION

### AGREEMENT IN PRINCIPLE

The following agreement sets forth the principal terms agreed to at the mediation held on June 21, 2004. It is understood that this is not a final and binding agreement until a definitive settlement agreement is signed by all parties. These terms are subject to approval by insurer representatives.

- To the extent not already done, all parties will produce to each other relevant insurance policies.

- The formula set forth in attached Exhibit A provides funding obligations for defense of the Alaskan Village matter. In addition, this formula will be utilized to pay ongoing defense costs for the Lazy Mountain and Hawkins/Totem matters. This formula will be utilized to pay both ongoing defense costs in the Alaskan Village matter, and to reimburse Royal, Providence Washington and Terra Nova for past defense costs incurred to date in the Alaskan Village matter.

- All insurers have agreed that the LaHonda matter defense and indemnity costs will not be adjusted.

- The formula set forth in the attached Exhibit A sets forth funding obligations for indemnity payments for settlement of the Alaskan Village matter only. These terms do not establish indemnity payment obligations for either the Lazy Mountain or Hawkins/Totem matters.

- The defense payment obligation set forth in the attached Exhibit A is calculated on the basis of time on the risk.

- For purposes of calculating the defense costs share in the attached Exhibit A, the following years of coverage were used to calculate time on the risk:

|                        |         |
| ---------------------- | ------- |
| Providence Washington: | 6 years |
| Industrial Indemnity   | 4 years |
| Terra Nova             | 2 years |
| Royal                  | 9 years |

- The indemnity payment obligation set forth in the attached Exhibit A is calculated in the following manner: each carrier's relative percentage of coverage limits plus each carrier's relative percentage of years on the risk divided by two.

- If additional insurers are identified, the signatories to this agreement in principle agree that the same formula for defense and indemnity will be offered to any such new insurers.

052738.0001/1115414.1

1

COPY

EXHIBIT ___A___
PAGE __17__ OF __22__

- For purposes of calculating the indemnity share in the attached Exhibit A, Industrial Indemnity and Terra Nova will share concurrent coverage for the policy years 1980 through 1982.

- For purposes of calculating the indemnity share in the attached Exhibit A, Industrial Indemnity is deemed to have three years of coverage with total limits of $400,000.

- For purposes of calculating the indemnity share in the attached Exhibit A, Terra Nova is deemed to have one year of coverage with total limits of $500,000.

- For purposes of calculating the indemnity share in the attached Exhibit A, Providence Washington is deemed to have six years of coverage with total limits of $700,000.

- For purposes of calculating the indemnity share in the attached Exhibit A, Royal is deemed to have nine years of coverage with total limits of $4.5 million.

DATED this 21st day of June, 2004.

PROVIDENCE WASHINGTON

By _____
Its ____Counsel__(Coverage)____

INDUSTRIAL INDEMNITY

By _____
Its __Latent Case Manager__

TERRA NOVA

By _____  21/6/04
Its __Claims  Manager__

ROYAL INSURANCE

By _____
Its __Attorney__  21/6/04

COPY

Jun-22-04  02:18pm  From-BROWN    )BBS                    +9072762051            )       T-993  P.04/04  F-635

| | Defense Time on Risk | | Indemnity Years | | | Limits | | | (years+limits)/2 |
|---|---|---|---|---|---|---|---|---|---|
| PW | 6 | 28.57% | 6 | 31.58% | $ | 700,000 | 11.48% | | 21.83% |
| Ind. Indem | 4 | 19.05% | 3 | 15.79% | $ | 400,000 | 6.56% | | 11.17% |
| Terra Nova | 2 | 9.52% | 1 | 5.26% | $ | 500,000 | 8.20% | | 6.73% |
| Royal | 9 | 42.86% | 9 | 47.37% | $4,500,000 | | 73.77% | | 60.57% |
| | 21 | 100% | 19 | 100% | $6,100,000 | | 100% | | 100.00% |

**EXHIBIT A**

COPY

EXHIBIT ___A___
PAGE _19_ OF_22_

Apr-07-05  12:18pm    From-BROWN WALLER GIBBS                    +8072762051                T-646    P.02/04    F-207

LAW OFFICES
## BROWN, WALLER & GIBBS
A PROFESSIONAL CORPORATION
821 N STREET, SUITE 202
ANCHORAGE, ALASKA 99501-3285
(907) 276-2050
FAX: (907) 276-2051

KEITH E. BROWN
RICHARD L. WALLER
SANFORD M. GIBBS

OF COUNSEL
ANN W. RESCH

April 7, 2005

*Via Fax and Mail*

Peter Hubbs
Royal & SunAlliance
9300 Arrow Point Blvd.
Charlotte, NC 28273

Tiffany Gillis
RiverStone Claims Management
350 Commercial Street, Suite 500
Manchester, NH 03101

Tom Gordon
Gordan & Polscer, LLC
9755 SW Barnes Road, Suite 650
Portland, OR 97225

Katie Matison
Lane Powell Spears Lubersky
1420 Fifth Ave, Suite 4100
Seattle, WA 98101

Andrea Girolamo-Welp
Lane Powell Spears Lubersky
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648

|  | | |
|---|---|---|
| Re: | Insureds: | Denali Fuel Company, Inc., Consolidated Fuel Co., Alaska Mechanical Maintenance, Inc. John Mlakar (Deceased), Frances Mlakar |
|  | Claimants: | LaHonda Trailer Park/Captain Cook Estates and Alaskan Village |
|  | PW Claim No.: | 01GL000622 (Master) |
|  | Our File No.: | 4449 |

Dear Peter, Tiffany, Tom, Katie and Andrea:

I have discussed with each of you informally regarding the reallocation of indemnity payments made in settlement of the LaHonda/Captain Cook Estates matter and Alaskan Village matter. To briefly recap what has happened in regard to the allocation of indemnity payments, the insurers reached an agreement in principal on June 21, 2004, in Seattle, based on a formula which took into consideration each carrier's time on risk as well as the carrier's respective policy limits. After reaching the agreement in principal, Royal & SunAlliance changed its position indicating that it would only agree to an allocation based on time on risk. My client, Providence Washington, has now reluctantly agreed to such an allocation in regard to the prior two settlements only. Based on the following calculations, Providence Washington, Terra Nova and Royal & SunAlliance would each be reimbursed as follows:

# EXHIBIT B

EXHIBIT ___A___
PAGE _20_ OF _22_

Apr-07-05 12:14pm  From-BROWN WALLER GIBBS                    +9072782051            T-846  P.03/04  F-207

April 7, 2005
Page 2


Providence Washington        $50,184.08
Terra Nova                   $14,074.70
Royal & SunAlliance          $42,338.77


Industrial Indemnity/RiverStone and St. Paul/Travelers, as successor in interest to U.S. Fidelity & Guaranty Company, would be obligated to make the following additional contributions:

Industrial Indemnity/RiverStone    $33,867.47
St. Paul/Travelers                 $72,728.45

The calculations supporting this reallocation are as follows:


### INDEMNITY PAYMENTS MADE TO DATE

| INSURANCE CO. | SETTLEMENT OF | | TOTAL CONTRIBUTION |
| --- | --- | --- | --- |
| | LAHONDA | ALASKAN VILLAGE | |
| Providence Washington | $31,550 | $455,000 | $486,550 |
| Industrial Indemnity/RiverStone | $24,770 | $305,000 | $329,770 |
| Terra Nova | $24,530 | $135,000 | $159,530 |
| Royal & SunAlliance | $19,160 | $605,000 | $624,160 |
| St. Paul/Travelers | -0- | -0- | -0- |
| | | GRAND TOTAL | $1,600,010 |


### CARRIERS' RESPECTIVE YEARS ON RISK

| INSURANCE CO. | YEARS ON RISK | PERCENTAGE |
| --- | --- | --- |
| Providence Washington | 6 years | .272727 |
| Industrial Indemnity/RiverStone | 5 years | .227272 |
| Terra Nova | 2 years | .090909 |
| Royal & SunAlliance | 8 years | .363636 |
| St. Paul/Travelers | 1 year | .045455 |
| TOTAL | 22 YEARS | |

EXHIBIT _A_
PAGE _21_ OF _22_

April 7, 2005
Page 3

## INDEMNITY ALLOCATION BASED ON YEARS ON RISK

| INSURANCE CO. | MULTIPLICATION OF PERCENTAGE TIMES TOTAL PAID OUT | | REALLOCATION AMOUNT |
|---|---|---|---|
| Providence Washington | .272727 x $1,600,010 | = | $436,365.92 |
| Industrial Indemnity/RiverStone | .227272 x $1,600,010 | = | $363,637.47 |
| Terra Nova | .090909 x $1,600,010 | = | $145,455.30 |
| Royal & SunAlliance | .363636 x $1,600,010 | = | $581,821.23 |
| St. Paul/Travelers | .045455 x $1,600,010 | = | $ 72,728.45 |

## REALLOCATION

| INSURANCE CO. | PAID TO DATE | | PAYMENT BASED ON YEARS ON RISK | | AMOUNT DUE OR OWED |
|---|---|---|---|---|---|
| Providence Washington | $486,550 | — | $436,365.92 | = | $50,184.08 |
| Industrial Indemnity/RiverStone | $329,770 | — | $363,637.47 | = | ($33,867.47) |
| Terra Nova | $159,550 | — | $145,455.30 | = | $14,074.70 |
| Royal & SunAlliance | $624,160 | — | $581,821.23 | = | $42,338.77 |
| St. Paul/Travelers | $0 | — | $72,728.45 | = | ($72,728.45) |

Please advise whether each of your principles is in agreement with this reallocation of indemnity. Again, this is only a reallocation for the settlements of the LaHonda/Captain Cook Estates and Alaskan Village claims. Should additional claims be asserted, no party will be bound by this allocation or allocation method inasmuch as each claim may not implicate the same carriers' respective policies.

I look forward to hearing from each of you. Should anyone have any questions, please contact me.

Very truly yours,

BROWN, WALLER & GIBBS

Richard L. Waller

RLW/lsr
cc:    Dennis Grasso