UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP., <br><br>           Plaintiff,<br>vs.<br><br>EGEGIK SPIRIT, official number 299957, her equipment, gear, furniture, apparel, fixtures, tackle boats, machinery anchors and all appurtenances, *in rem, et al.*,<br><br>           Defendants. | A04-0147 CV (RRB)<br><br>**RECOMMENDATION<br>PLAINTIFF'S MOTIONS FOR<br>SUMMARY JUDGMENT**<br><br>(Docket Nos. 119 and 124) |

The court has now before it a motion for partial summary judgment by the plaintiff Citicapital Commercial Corporation (Citicapital) against certain claims against *in personam* defendant Woodbine Alaska Fish Company (Woodbine) and *in rem* defendant Egegik Spirit. (Docket No. 119). Citicapital also seeks summary judgment as to these defendants' counter-claims for wrongful arrest. Said motion is opposed by *in personam* defendant Woodbine Alaska Fish Company (Woodbine) as to it and its vessel *in rem* defendant Egegik Spirit. (Docket No.126; reply at 144 ; *See* Woodbine's evidentiary objections at 127; Cititcapital's errata at 145; Woodbine's amended memorandum at 164; Citicapital's reply at 181 and errata at 182). Riding in tandem with

1

this motion and incorporating the same briefing by reference is Citicapital's motion for summary judgment against defendants Guy Ferrari Inc., and *in rem* defendant Naknek Spirit. (Docket No. 124; opposition at 128; reply at 144; amended opposition at 164; reply at 181 with errata at 182). Oral argument was requested by Citicapital and was scheduled. However, the scheduled oral argument is vacated herein due to the fact that it became patently obvious to the court that Citicapital should prevail on it motion and that oral argument was not necessary to the disposition of the motion. For the following reasons Citicapital's motion for summary judgment should be granted..

Before addressing the instant motion, the court first sets forth the standard for granting a summary judgment motion. Rule 56(c) of the Federal Rules of Civil Procedure, provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In deciding a motion for summary judgment the court views the evidence and the inferences therefrom in the light most favorable to the non-moving party. Levin v. Knight, 780 F.2d 786, 787 (9th Cir. 1986). Three United States Supreme Court cases have clarified what a non-moving party must do to withstand a summary judgment motion. As explained by the Ninth Circuit in Cal. Arch. Bldg. Prod. v. Franciscan Ceramics Inc., 818 F.2d 1466, 1468 (9th Cir. 1987):

> First, the Court has made clear that if the non-moving party will bear the burden of proof as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. See Celotex Corp v. Catrett, 477 U.S. 317;106 S. Ct. 2548, 2552-53(1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may

> reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242; 105 S. Ct. 2505, 2511 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim <u>implausible</u>, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 106 S. Ct. 1348, 1356; 89 L.Ed.2d 538 (1986).

Finally, a trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Orr v. Bank Of America, NT & SA,* 285 F.3d 764, 773 (9th Cir. 2002).

## FACTS

The facts essential to analysis of the instant motion are simple. Citicapital sought to foreclose on a preferred ship mortgages for the EGEGIK SPIRIT and the NAKNEK SPIRIT. The defendants allege that after the commencement of this action Citicapital arrested the vessels and thereafter the parties agreed to a modification of the underlying contract. The defendants further allege that despite and contrary to that modification Citcapital sold the vessels at foreclosure sale. The defendants also allege that Citicapital's claims have not otherwise been sufficiently proven for purposes of summary judgment.

## DISCUSSION

Citicaptial's motion seeks partial summary judgment against *in personam* defendant Woodbine and *in rem* defendant Egegik Spirit. The motion also seeks summary judgment against the defendants counter-claims for wrongful arrest. The claims shall be discussed, after the court first dispenses with a defense raised by the defendants.

The parties have devoted much time and energy to the defendants' defense to the motion(s), which is that the parties modified the contact regarding Citicaptial's preferred ship mortgage on the vessel Egegik Spirit. The defendants contend that after

A04-147CV@119 and 124(RRB).wpd                                               3

the arrest of the vessel through its counsel Citicapital modified the contract by agreeing to the purchase of certain insurance and arrearage payments plus other costs. According to the defendants Citicapital did not keep its end of the bargain. Citicapital contends that it never offered or agreed to modify the promissory note and mortgages to accept the insurance and arrearage payments as the defendants allege. Regrettably, this part of the contest has resulted in briefing in which counsel exchange disparagements as to their respective integrity. Ironically all of counsels' bantering over allegations and counter allegations as to what counsel for the respective parties agreed to only serves to reveal a surprising misunderstanding of the law.

Quite simply, this matter is covered by the law of evidence, not the law of contracts. Federal Rule of Evidence 408 provides in relevant part:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise inadmissible.

As the Advisory Committee's Note states, the most compelling reason for the rule is the promotion of the public policy favoring the compromise and settlement of disputes. The wisdom of this policy is amplified in cases like the one at bar. Without the rule admiralty cases would be mired down in endless sub-litigation over alleged post-arrest agreements. Thus, the defendants' modification defense is untenable. Likewise, missing the mark is Citicapital's contention that the defense is not valid because it was not pled and discovery has not occurred regarding it.

The implications of the foregoing to the motion *sub judice* are decisive. Their modification theory is the defendants only real defense to the motion. Without it

they have failed to show a genuine issue of material fact in dispute as to Citicapital's claims in the motion. The court shall now address those claims.

1). The defendants' counterclaims for wrongful arrest.

The defendants' counter-claims for wrongful arrest are based exclusively on their contention that the contract was modified thereby making the continued arrest of the vessels wrongful. As discussed *supra* this is simply an untenable position. Therefore, Citicapital's motion for summary judgment as to the defendants' counter-claims should be granted.

2). Citicaptials' claim as to principal due.

Through its exhibits (particularly Exhibit 10: the declaration of Joseph Pitch and statement of payments to Citicapital) and mathematical analysis Citicapital submits clear and convincing evidence that – having withdrawn its claim for closing costs from the motion – it is owed the principal sum of $369,527.62 (subject to offset credit for Marshal's sale of vessels EGEGIK SPIRIT and NAKNEK SPIRIT on May 10, 2005 for $110,000). The defendants posit that the amount of the principal balance is $334,044.71. But, as Citcaptial deftly points out, the defendants' analysis is based upon the assumption of payments made on a fixed payment schedule that simply did not occur within the timetable set out in that schedule. The defendants baldly refute, but do not provide evidence to rebut, Citicapital's evidence regarding actual payments received and posted as constituting the present principal owed. After the much anticipated deposition of Mr. Joseph Pitch the defendants can only use his testimony for their previously rejected modification of contract argument, not the mathematical calculations in question.[1] The defendants' presentation of the declaration of Virginia Ferrari in support of their argument does nothing to rebut the plain evidence presented by Citicapital. The

---

[1] The deposition of Mr. Pitch was bifurcated due to time constraints, and there was much consternation between the parties as to the timing and completion of his deposition.

defendants' criticisms of the Pitch declaration beg an obvious question. Why did they not elicit contrary information at his deposition, or more important, show financial records to counter Citicapitals' Exhibit 10? Their shallow criticisms of Citicapital's mathematical calculations are even less persuasive. If the defendants have evidence to rebut the exhibits and calculations of Citicapital, they should have presented it in their briefing. They have not done so. The defendants' other evidentiary objections at docket No. 127 (failure to authenticate documents and best evidence rule) are not well taken, because the defendants are not actually contending that the documents in question (i.e. the Mortgage Note) are not true copies. Indeed, it appears it would constitute bad faith if the defendants were to do so. Therefore, Citicapital's exhibits contain documents which would be admissible at trial and are properly considered on summary judgment, and hyper-technical objections will not defeat this otherwise valid motion for summary judgment. Thus, there being no material issues of genuine fact in dispute, Citicaptial's motion for partial summary judgment as to its claim for the principal amount owed ($369,527.62) should be granted. 3). Citcaptial's claim for interest owed.

Citicaptial's motion seeks interest at the rate of $184.76 per day for November 2004 through January 2005 for the amount of $47,154.13).[2] Citicapital sums up the situation when it argues: "After a full opportunity to depose Pitch on the calculus or interest, Defendants have not attacked the interest component, other than indirectly through the assertions concerning principal and payments discussed in the prior section." There are no genuine issues of material fact in dispute; therefore, Citicapital's motion for summary judgment should be granted as to its claim for interest owed.

---

[2] Initially, the motion sought $16,997.92 for this period, but counsel for Citicapital realized he made a slight error in his calculation.

4). Citicapitals's claim for late charges.

Citicapital's motion originally sought late charges totaling $9,886.57. Admitting error, it now seeks $9,520.43. Citicapital's calculations (an interest charge for late payments) appear sound. The defendants have done nothing to show otherwise. Again, Citicapital's argument sums up the situation when it states: "After a full opportunity to depose Pitch on the calculus of interest, Defendants have not attacked the interest component, other than indirectly through the assertions concerning principal and payments discussed in the preceding section." If the defendants have some valid criticism or evidence to counter Citicapital's evidence they should have presented it in their briefing. They have failed to do so. Therefore, because there are no genuine issues of material fact in dispute, Citicapital's motion for partial summary judgment as to its claim for late charges should be granted.

## CONCLUSION

The plaintiff's motions for summary judgment (Docket Nos. 119 and 124) should be **GRANTED.** Specifically, Citicapital should be granted summary judgment against the defendants' as to their counter-claim for wrongful arrest. Citicapital should also be granted partial summary judgment (1) as to its claim for principal in the amount of $369,527.62 (subject to offset credit for Marshal's sale of vessels EGEGIK SPIRIT and NAKNEK SPIRIT on May 10, 2005 for $110,000); (2) for interest in the amount of $16,628.40; and, (3) $9,520.43 in late charges. The oral argument scheduled for January 31, 2006, is hereby vacated. Because of the vacation of oral argument, and because of the failure of the parties to appreciate the implications of Federal Rule of Evidence 408 in this matter, the usual number of pages for objections and responses to recommendations shall be increased from 5 to 10 pages.

DATED this 23rd day of January, 2006, at Anchorage, Alaska.

*[signature]*
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on February 15, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (10) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed **no later than the close of business on February 23, 2006**. The parties shall otherwise comply with provisions of Local Rule 12(C).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).