# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

CITICAPITAL COMMERCIAL CORP.,

                Plaintiff,

vs.

EGEGIK SPIRIT, official number 299957, her equipment, gear, furniture, apparel, fixtures, tackle boats, machinery anchors and all appurtenances, *in rem, et al.,*

                Defendants.

A04-0147 CV (RRB)

**FINAL RECOMMENDATION PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

(Docket Nos. 119 and 124)

The magistrate judge has now before it the defendants' objections to his report and recommendation that the plaintiff's motions for summary judgment against them be granted. (Docket No. 187). Surprisingly, the plaintiff did not respond to the defendants' objections. The defendants objections are partially successful in modifying the initial recommendation, and wholly successful in avoiding entry of summary judgment against them at this stage of the case.

The gist of the initial recommendation was that the defendants have failed to rebut the plaintiff's showing that it is entitled to summary judgment on its claims , and that the plaintiff was also entitled to summary judgment on the defendants' counter claim

1

for wrongful arrest. The defendants' objections have done nothing to change the Magistrate Judge's conclusion as to the plaintiff's entitlement to summary judgment on its claims. Quite simply, the defendants have failed to make any showing contrary to the plaintiff's regarding its rights under the promissory notes and the amounts of recovery it is entitled to. Additionally, the recommendation's application of Fed. R. Civ. P. 408 to those claims was proper. The defendants' alleged agreement and its constituent offers and acceptances of compromise are not admissible to defeat the plaintiffs' claims.

The objections have, however, caused the court to see the proverbial "big picture" in this case, because rather than arguing that their counter claims for wrongful arrest should defeat the plaintiff's claims, the court now understands the defendants to couch their primary opposition in terms of the use of the evidence of compromise in support of their counter claims for wrongful arrest, not as against the plaintiff's claims *per se*. Rule 408 is applicable to show that a contract which is separate and apart from the underlying claims has been breached. *See Weinstein's Federal Evidence*, Second Edition, Volume 2 at § 408.03[5]; and, *McCormick On Evidence*, Fifth Edition, Volume 2 at § 266. Under such circumstances the proper course of action is to bring an action for breach of contract. *Id.* The authorities do not address a situation where, as here, it is alleged that the breach of contract occurred after an initial action was filed. It is obvious, however, that in such a situation the filing of an additional claim or counter claim would be the appropriate course of action. Here, the defendants filed a counter claim for wrongful arrest. It is beyond cavil that the counter claim's basis in law is one for breach of contract. Ergo, the defendants' counter claim for wrongful arrest is the functional equivalent of the breach of contract action discussed by the authorities.

The only question remaining is whether the plaintiff's motion for summary judgment as to that counter claim should be granted. It is manifestly clear that it cannot. The alleged agreement centers around communications made between respective counsel

for the parties. The issue is riddled with evidence that puts the credibility of these attorney witnesses at issue; and is therefore insusceptible to summary judgment.

CONCLUSION

For the foregoing reasons the Magistrate Judge modifies his initial recommendation in this matter as follow: The plaintiff's motions for summary judgment (Docket Nos. 119 and 124) should be **GRANTED** as to all of the plaintiff's claims**.** Specifically, Citicapital should be granted summary judgment against the defendants' as to their counter-claim for wrongful arrest. Citicapital should also be granted partial summary judgment (1) as to its claim for principal in the amount of $369,527.62 (subject to offset credit for Marshal's sale of vessels EGEGIK SPIRIT and NAKNEK SPIRIT on May 10, 2005 for $110,000); (2) for interest in the amount of $16,628.40; and, (3) $9,520.43 in late charges. The plaintiff's motion for summary judgment as to the defendants' claims for wrongful arrest should be **DENIED.** Finally, because the defendants' counter claim for wrongful arrest (breach of contract) would arguably vitiate the plaintiff's recovery for its claims, entry of judgment as to the plaintiff's claims should not be made until the defendants' counter claim for wrongful arrest is decided. For the parties' and the assigned district judge's information, attached is a minute order the Magistrate Judge intends to issue in the event that the district judge follows this recommendation.

DATED this 27th day of February, 2006, at Anchorage, Alaska.


/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

PROPOSED MINUTE ORDER LANGUAGE

The parties are hereby directed to file simultaneous briefing on the following points regarding the defendants' counter claim for wrongful arrest:

1.  The defendants' previous briefing has maintained that the issue of contract modification which forms the basis of their counter claim for wrongful arrest is governed by the law of Texas because the contract was executed there.  What is the appropriate choice of law on the issue of contract modification?

2.  Is a court trial or a trial by jury appropriate in this case?

3.  What are the implications to the management and trial of this case of the attorneys for the parties being material witnesses?

4.  What, if anything, remains to be done before this matter may be set for trial?