BIRNBERG & ASSOCIATES
CORY A. BIRNBERG   (SBN 105468)
703 Market Street Suite 600
San Francisco, California 94103
Telephone Number: (415) 398- 1040
Facsimile Number:  (415) 398-2001

Barbara Norris (Ak. No. 8506070)
LAW OFFICES OF BARBARA NORRIS
645 W. Third Ave.
Anchorage Alaska 99501
Telephone Number: (907) 279-6621
Facsimile Number:  (907) 279-0199

Attorneys for Defendants
Woodbine Alaska Fish Company,
and Guy Ferrari Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP, <br><br> Plaintiff, <br><br> v. <br><br> EGEGIK SPIRIT, official number 2999957, her equipment, gear, furniture, apparel, fixtures, tackle, boats, machinery, anchors and all appurtenances, in rem; <br> NAKNEK SPIRIT, official number 585824, her equipment, gear, furniture, apparel, fixtures, tackle, boats, machinery, anchors and all appurtenances, in rem; <br> WOODBINE ALASKA FISH CO., in personam; and GUY FERRARI, INC, in personam. <br><br> Defendants, <br> _____ | **Case No. A-04-0147 CI** <br> **IN ADMIRALTY** <br><br><br> **DEFENDANTS AND CROSS-COMPLAINANTS OBJECTIONS TO PLAINTIFF'S NOTICE OF INTENT TO FILE OBJECTIONS** |

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

1
**DEFENDANTS AND CROSS-COMPLAINANTS OBJECTIONS TO PLAINTIFF'S NOTICE FO INTENT TO FILE OBJECTIONS**

Now come Defendants Woodbine Alaska Fish Company for itself, and on behalf of its vessel, the Egegik Spirit, and object to Plaintiff's Notice of Intent to File Objections.

The only time period proscribed by Local Rule 12(C) for filing of objections and responses is after (1) the initial recommendations; (2) before the matter is transferred; and (3) as provided by the magistrate. It is therefore procedurally incorrect for Plaintiff to object to the final recommendation after it has been referred back to the judge, when the specific orders of the magistrate provided otherwise. This matter was referred to the Judge and was no longer appropriate for objection. This Court has already generously extended the amount of time provided by Local Rule 12(C) for responses to objections, allowing eight days, to February 23, 2006.

The deadline for filing any objections to the initial magistrate recommendations was February 15, 2006. Plaintiff filed none. The recommendation extended further time to file any response to an objection until the 23rd of February (additional time from the five days for a total of eight days, or three more days). Plaintiff argues that it knowingly deleted the objections, but is silent on why he did not go to the "recycle bin" to retrieve it or check the court's docket. Given this highly contested case, it would seem naïve to not expect that something must be filed on the 23rd, the last day for a response.

Plaintiff agreed in its contract with the court to be bound by e-filing notice (Rule 5.3(2)(B)). This is just another delay in the entire process, of which the docket reflects over ten requests for continuances (including requests of counsel to stipulate) by the Plaintiff itself. Further, no objections were filed, but only a "Notice of Intent" to file an objection. There is no basis or pleading form to file a notice that you intend to object. This "notice"

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

does not toll the time period in which to file objections and has no force in law. Objections were due by February 15 and a response due by February 23, 2006.  No notices of intent to do something make the deadline extended.

Counsel for Plaintiff is effectively moving for an extension of time to file a response Defendants' objections, but unlike the ten other requests for extensions of time from the Court and opposing counsel, counsel this time decided to grant it himself through his unique interpretation of Rule 12(C), rather than file a FRCP 60(b) motion.

Counsel's argument that he is inexperienced with efiling is untenable because if that were the case, he would not have relied on it, and would have calendared the deadlines and checked the dockets as prudent litigators do, whether the case is an efiling case or not.  Furthermore, deleted email messages remain in the trash folder until emptied, and can be undeleted.  Not only did counsel failed to check the Court's docket, but he failed to contact opposing counsel to verify that they had not filed anything, failed to contact the court to verify the same, and failed to review his deleted messages.  Counsel's neglect is inexcusable.

The subject motion for summary judgment was filed on *May 26, 2005*. Defendants object to further undue delay by Plaintiff's tardy pleadings, and request for oral argument after it has already been denied by this Court, and respectfully requests that this Court maintain its Final Recommendations and refer the matter back to the Judge, save and except the clerical correction as to the sale amount of the vessel. Plaintiff's request for oral argument after its initial request was denied is also flagrant, as the court has determined oral argument is not necessary based upon the submissions for summary judgment. Of note, is that Plaintiff's counsel knew that

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

3
**DEFENDANTS AND CROSS-COMPLAINANTS OBJECTIONS TO PLAINTIFF'S NOTICE FO INTENT TO FILE OBJECTIONS**

the sale of the Egegik Spirit was for $126,000 was missing from the court's recommendation and Defendant should receive credit, but has said nothing on that matter. Further, the court should be aware that this office complained and filed a motion that it was not receiving notice of motions timely filed by the plaintiff's counsel, having matters decided before we received notice of the numerous ex parte applications that Plaintiff filed. This office requested fax service. Plaintiff objected, and said it was too much office work to place motions or letters into a fax (instead of an envelope). This Court agreed with the plaintiff, and did not require the parties to serve by fax, and noted that the ECF system would be in place in one month and that we would receive immediate notice. Had Plaintiff kindly consented to fax, it would of course received notice. Now we have another excuse of "deleting an email" and thereafter not attempting to retrieve it after it was deleted.

Dated: 6 March 2006                                         BIRNBERG & ASSOCIATES

                                                            By:   s/Cory Birnberg
                                                                  Cory A. Birnberg

                                                            BIRNBERG & ASSOCIATES
                                                            CORY A. BIRNBERG
                                                            703 Market Street Suite 600
                                                            San Francisco, California 94103
                                                            Telephone Number: (415) 398-1040
                                                            Facsimile Number: (415) 398-2001
                                                            Email: birnberg@birnberg.com
                                                            California State Bar No. 105468
                                                            Attorneys for Defendants

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

4
DEFENDANTS AND CROSS-COMPLAINANTS OBJECTIONS TO PLAINTIFF'S NOTICE FO INTENT TO FILE OBJECTIONS