BIRNBERG & ASSOCIATES
CORY A. BIRNBERG  (SBN 105468)
703 Market Street Suite 600
San Francisco, California 94103
Telephone Number: (415) 398- 1040
Facsimile Number:  (415) 398-2001

Barbara Norris (Ak. No. 8506070)
LAW OFFICES OF BARBARA NORRIS
645 W. Third Ave.
Anchorage Alaska 99501
Telephone Number: (907) 279-6621
Facsimile Number:  (907) 279-0199

Attorneys for Defendants
Woodbine Alaska Fish Company,
and Guy Ferrari Inc.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> EGEGIK SPIRIT, official number 2999957, ) <br> her equipment, gear, furniture, apparel, ) <br> fixtures, tackle, boats, machinery, anchors ) <br> and all appurtenances, <u>in</u> <u>rem</u>; ) <br> NAKNEK SPIRIT, official number 585824, ) <br> her equipment, gear, furniture, apparel, ) <br> fixtures, tackle, boats, machinery, anchors ) <br> and all appurtenances, <u>in rem</u>; ) <br> WOODBINE ALASKA FISH CO., ) <br> <u>in personam</u>; and GUY FERRARI, INC, ) <br> <u>in personam</u>. ) <br> ) <br> Defendants, ) <br> ) <br> _____) | **Case No. A-04-0147 CI** <br> **IN ADMIRALTY** <br><br><br><br> **DEFENDANTS AND CROSS-COMPLAINANTS' OBJECTION AND MOTION FOR RECONSIDERATION OF PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME** |

Now come Defendants Woodbine Alaska Fish Company, Guy Ferrari, Inc and the defendant vessels, Egegik Spirit and Naknek Spirit, for themselves, and hereby object to

1

**DEFENDANTS AND CROSS-COMPLAINANTS' MOTION FOR RECONSIDERATION**

the Court's order granting Plaintiff's second motion for extension of time and requests reconsideration of the motion granting a second extension to Plaintiff, and allowing Plaintiff to object to the "final recommendations" (no objection was made to the initial recommendations). This was Plaintiff's 11th request for extension in this case from court deadlines.

NOTICE is further given that Defendants hereby move this Court for reconsideration on the grounds that Plaintiff motion was not filed pursuant to local rule 7.2(c) (shortened time) or on an *ex parte* basis and that **Defendants have a right to oppose a motion before the Court rules on it.**

This motion is based upon this notice of motion, the memorandum of points and authorities, and any other matter of which this Court wishes to take judicial notice.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RECONSIDERATION**

**BACKGROUND**

The deadline for filing any objections to the initial magistrate recommendations was February 15, 2006. Plaintiff filed none. The recommendation extended further time to file any response to an objection until the 23rd of February (additional time from the five days for a total of eight days, or three more days).

The only time period proscribed by Local Rule 12(C) for filing of objections and responses is after (1) the initial recommendations; (2) before the matter is transferred; and (3) as provided by the magistrate. It was therefore procedurally incorrect for Plaintiff to object to the final recommendation after it had been referred back to the judge, or otherwise, when the specific orders of the magistrate had not provided for it. This matter was referred to the Judge and was no longer appropriate for objection. This Court has

BIRNBERG & ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

2
**DEFENDANTS AND CROSS-COMPLAINANTS' MOTION FOR RECONSIDERATION**

already generously extended the amount of time provided by Local Rule 12(C) for responses to objections, allowing eight days, to February 23, 2006. This Court has also generously already granted Plaintiff an extension of time, giving Plaintiff exactly the amount of time Plaintiff requested. Now Plaintiff moves again for even more time in a motion, not filed on an *ex parte* basis, and this Court ruled on it without permitting an opposition.

## ARGUMENT

Local Rule 7.1(e) **states:** "Unless otherwise ordered by the court, provided by statute, or rule, an opposition must be served and filed within fifteen (15) days of service of the motion, and replies within five (5) days of service of the opposition." Here the Court ruled on the motion within one day of its having been filed (two hours in reality), before Defendants had an opportunity to file the opposition they **had already started.** Procedural rules must be adhered to, and basic equity demands that both parties be heard on motions. Defendants wish this Court to reconsider its ruling and, at least, put *some* limitation on Plaintiff's ability to request extensions unilaterally, indefinitely, and without Defendants' right to be heard on the matter. From Defendants' standpoint, Plaintiff files a motion and its ruled on in two hours without even giving Defendant's a chance to reply. There was no motion to shorten time, or ex parte, and this is the second time the court has ruled without following motion rules and the 11th extension requested by Plaintiff. (The first motion to extend to object to the Final Recommendations was also ruled upon before the expiration of the motion time period. There is a very uneasy feeling in Defendants "camp" there is some unspoken bias toward defendants. There is no provision for objection to Final Recommendations, and the local rules are clear that motions have a discreet reply date.

BIRNBERG &
ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

3
**DEFENDANTS AND CROSS-COMPLAINANTS' MOTION FOR RECONSIDERATION**

With respect to the underlying motion, Plaintiff argues that it inadvertently deleted the email noticing objections, casually glossing over the fact that *it has two separate email addresses on the recipient list,* ( and if one was deleted why was not the other email and email account looked out. Plaintiff's original excuse that the email was inadvertently deleted just does not appear credible); and Plaintiff's argument is silent on why it did not go to the "recycle bin" to retrieve it, or check the court's docket as any prudent litigator would do when expecting something from opposing counsel, or verify with them that nothing had been filed once their deadline had passed.  Given this highly contested case, it would seem naïve to not expect that something must be filed on the 23rd, the last day for a response.

Plaintiff agreed in its contract with the court to be bound by e-filing notice (Rule 5.3(2)(B)). This is *yet another* delay in the entire process, with *over eleven requests for continuances* and/or requests of counsel to stipulate to additional time prior to this by Plaintiff, at least one of which was requested *after the deadline had passed*.  The subject motion for summary judgment was filed on **May 26, 2005**, and it is still ongoing *ten months later*.  It is ironic that when Defendants' counsel had a medical emergency, and required an extension of time for the deposition of Joe Pitch, counsel for Plaintiff only gave him two days, and accused Defendants of unnecessary delay.

Defendants oppose further undue delay by Plaintiff's tardy pleadings, repetitive and numerous and increasingly incredible requests for extension of time, even requesting oral argument after it has already been denied by this Court.  If Plaintiff's counsel is unable to meet now *twelve* separate deadlines throughout this matter without special accommodation by opposing counsel and/or this Court, Defendants respectfully submit that Plaintiff is not competent to represent his client in this matter.

BIRNBERG & ASSOCIATES

703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

## **CONCLUSION**

Defendants respectfully request that this Court maintain its Final Recommendations and refer the matter back to the Judge, save and except the clerical correction as to the sale amount of the vessel.  In the alternative, should this Court grant Plaintiff's motion, Defendants respectfully request that this Court put some limitation on Plaintiff's ability to move for extensions of time for the remainder of the case and delay this matter indefinitely.

Dated:  14 March 2006                                          BIRNBERG & ASSOCIATES


                                                                               By:  __s/Cory Birnberg____
                                                                                     Cory A. Birnberg

                                                                               BIRNBERG & ASSOCIATES
                                                                               CORY A. BIRNBERG
                                                                               703 Market Street Suite 600
                                                                               San Francisco, California 94103
                                                                               Telephone Number: (415) 398-1040
                                                                               Facsimile Number: (415) 398-2001
                                                                               Email:  birnberg@birnberg.com
                                                                               California State Bar No. 105468
                                                                               Attorneys for Defendants

BIRNBERG & ASSOCIATES
703 MARKET STREET
SUITE 600
SAN FRANCISCO
CA, 94103
TEL (415) 398-1040
FAX (415) 398-2001

5

**DEFENDANTS AND CROSS-COMPLAINANTS' MOTION FOR RECONSIDERATION**