Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska  99501
(907) 278-9794 Fax: 278-1169
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP, )<br>)<br>　　　　　Plaintiff, )<br>)<br>　v. )<br>)<br>EGEGIK SPIRIT, official number )<br>299957, her equipment, gear, furniture, )<br>apparel, fixtures, tackle, boats, machinery )<br>anchors and all appurtenances, *in rem, et al.*, )<br>)<br>　　　　　Defendants. )<br>_____) | IN ADMIRALTY<br>No. A-04-0147 CV  (RRB) |

**OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS**

The following are Plaintiff CitiCapital's objections to the proposed findings and recommendations that appear in the FINAL RECOMMENDATION PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT, dated February 27, 2006.

The FINAL RECOMMENDATION sees the case, and Defendants' position, as concerning 2 independent contractual foundations.  The first is the promissory note and mortgages upon which CitiCapital brought suit.  The second is an alleged contract which, in Defendants' first representation of the facts to the court, called for CitiCapital to release the vessels from arrest if Defendants cured the defaults in the mortgages' insurance requirements, and, in Defendants' second representation of the facts to the court,  the alleged contract was said to call for CitiCapital to release the vessels if "minimal insurance" were restored and $125,000.00 were paid.  Opposition Memorandum at 4-8 and accompanying Ferrari Declaration ¶¶ 2 & 7;  Amended Opposition at 16.  Supposedly, CitiCapital's failure to release the vessels when Defendants' performed or endeavored to perform breached the alleged contract, allegedly supporting a wrongful arrest claim.

CitiCapital cannot have been both rightful and wrongful in this matter.  It cannot have rightfully pursued its claims to foreclose on the mortgages and have become entitled to have the vessels sold to pay the remaining principal balance on the note, together with interest, penalties and costs, on the one hand, and, on the other, have wrongfully failed to have the vessels released from the arrest and custody necessary to achieve foreclosure and sale.  Certainly, Defendants have not remotely attempted to show the court with citation to precedent or with legal analysis how such a seemingly irreconcilable outcome could exist.

The lynch pin to the recommendation for this result appears to be that Defendants are felt to have introduced evidence of contract-related negotiations not to defeat CitiCapital's claims, but in support of their wrongful arrest claims.  FINAL RECOMMENDATION at 2.  In fact, however, Defendants alleged in their first and amended oppositions that the note and mortgages were amended by negotiation and that the amendment was a defense to CitiCapital's claims. Opposition Memorandum at 4-5 ("THE PARTIES MODIFIED THE CONTRACT", "THERE WAS CONSIDERATION FOR THE MODIFICATION" & THERE WAS MUTUAL INTENT TO MODIFY THE CONTRACT"); Amended Opposition at 11-12 ("THE PARTIES MODIFIED THE CONTRACT", "THERE WAS CONSIDERATION FOR THE MODIFICATION" & "THERE WAS MUTUAL INTENT TO MODIFY THE CONTRACT").

> In this case, Mark Manning, on behalf of Plaintiff, promised that they would not act pursuant to the contractual provision relating to default if WAFCO obtained insurance... This act of obtaining insurance [by Defendants] therefore constituted consideration for Plaintiff's promise not to enforce its rights under the contract and permit WAFCO to continue operation.

Opposition Memorandum at 4 (Defendants' first version).

> Then counsel for Plaintiff, Mark Manning, stated that if WAFCO obtained minimal operational insurance and made the $79,487.65 payment, the vessels would be released.  Once released, the vessels would operate, produce income, and then WAFCO could bring the loan current, cure its default, and the case would be settled.

Amended Opposition at 11-12 (Defendants' second version).

Defendants absolutely never suggested that a contract separate from the note and mortgages

on which they were obligated had been negotiated. Further, they had a problem with the amendment argument because it was never pled. CitiCapital showed that an affirmative defense was required, objected to its omission and resulting surprise, and cited the prejudice suffered in the form of the lack of any discovery on the issue. Reply to Defendants' Opposition at 2; Supplemental Reply at 3-5 & 9. Nor did Defendants ever plead as a counter-claim any cause of action based on breach of an amendment of the note and mortgages, which might have been accepted as an acceptable substitute to the affirmative defense.

To try to finesse this problem, Defendants tried to characterize this amendment-based defense as a wrongful arrest claim. But it is not possible to read the actual allegations of Defendants' wrongful arrest counter-claim and find an amendment-based cause of action in them. The exclusive gravamen of the wrongful arrest claim was that it was wrongful to have arrested both of the defendant vessels because, allegedly, their combined value so greatly exceeded the quantum of the claim. Counter-claim at ¶¶ 4 (the first para 4), 5 (the second para 5) & 8-9, conveniently omitting the independent ground for arrest afforded by the undisputed breaches of the mortgages' insuring requirements. CitiCapital disposed of the counter-claims in its motion papers. Memorandum Supporting Summary Judgment Motion at 6-8. Defendants never tried to rebut CitiCapital's briefing on this point, and never tried to show that their amendment-based claim could state a cause of action for wrongful arrest. It certainly does not satisfy the elements of a wrongful arrest claim set out in CitiCapital's briefing. *Id*.

A rightful mortgage foreclosure and a wrongful arrest are mutually exclusive outcomes. A wrongful arrest occurs when there is no legal right to arrest and foreclose; a rightful foreclosure can only occur if there is a right to arrest and foreclose. *Id*. To allow the alleged evidence of amendment to breath life back into a wrongful arrest claim when it is barred from consideration on the complaint for foreclosure would be to allow the case to go forward towards a clearly untenable potential result.

On the matter of the alleged amendment itself, whether it is couched as a modification of the note and mortgages as Defendant did, or as the creation of a separate agreement, the FINAL RECOMMENDATIONS suggest the issue of formation of the alleged agreement centers around communications between counsel riddled with credibility issues preventing summary disposition.

CitiCapital respectfully urges that review of the evidence shows otherwise. Indeed, the expected benefit to the court of having the parties carefully review the testimony, documents and application of contract law is precisely why CitiCapital requested oral argument on its motions.

There is in fact no material conflict in testimony between counsel; there is only one point of material testimonial conflict between counsel Manning and Woodbine officer Virginia Ferrari. It is undisputed that the vessels were arrested on July 24, 2004. Defendants have not disputed CitiCapital's assertion that Manning spoke with Ferrari about the matter on July 24 and 26, but never again after the 26th. Reply to Defendants' Opposition at 4-5.

Defendants relied on Ferrari's July 21, 2005, declaration attached to Defendants' amended opposition, in which she claimed that "Mr. Manning and I agreed that the vessels would be released if Woodbine and Guy Ferrari, Inc., obtained insurance...." Manning, of course, denied this assertion. Reply to Defendants' Opposition at 2-3. CitiCapital then showed that no reasonable person could believe Ferrari's assertion given Manning's contemporaneous contrary faxes to Ferrari, the voluminous contrary later e-mails between counsel, the omission of any mention of this assertion in any of Ferrari's earlier affidavits in this action or in Defendants' copious prior briefing, the failure to complain of the breach of the alleged briefing in Defendants' Answer or in any of the parties' extensive e-mail correspondence, and the inherent implausibility of the claim. Reply to Defendants' Opposition at 2-10. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F. 2d 1466, 1468 (9th Cir. 1987) (to withstand summary judgment, the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party; if the factual circumstances make the non-moving party's claim implausible, it must come forward with more persuasive evidence); *U.S. v. Adamson*, 291 F. 3d 606, 612 (9th Cir. 2002)(witnesses may be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted).

CitiCapital showed further that, even if Manning had made the alleged statement to Ferrari, it did not constitute an offer to amend, if it was an offer, the offer was subsequently terminated before acceptance several times over before insurance was placed on August 13, and reinstitution of insurance did not constitute consideration to support any change in the contract. Reply to

Defendants' Opposition at 10-13.

Defendants' then tried a variation in the Amended Opposition, claiming the note was amended by agreement that the vessels would be released if (1) "minimal" insurance were obtained and (2) a $125,000.00 payment were made. Amended Opposition at 16. The insertion of the "minimal" insurance angle was transparently intended to shorten the history of inconsistent faxes and e-mails; some insurance was placed on August 5, but all required insurance was not placed until August 13. Reply Memorandum at 7-8. For proof of the new elements of agreement to place "minimal" insurance and to pay $125,000.00, Defendants do not rely on testimony, but on correspondence that simple perusal will show did not say what they claim it says. Supplemental Reply at 3-10.

Defendants' counsel Birnberg has not filed an affidavit attributing any part of version 1 or version 2 to Manning. Birnberg averred only that, soon after arrest, Manning said that "the major problem was insurance, and that insurance was required before the vessels would be released." Opposition to Summary Judgment Motion, Exhibit B ¶ 4. It was certainly true that at and after arrest, the protection of the collateral by reinstituting insurance on it was of urgent concern, and that getting insurance was critical to any commercial resolution of the matter. See Manning's letters of July 24 & 26, Reply Memorandum Exhibit 5 at 12-13 & 15. But in vivid contrast to Ferrari, Birnberg does not aver that Manning told him the vessel would be released if insurance, "minimal" or otherwise, were placed.

CitiCapital respectfully urges that the findings and recommendations be modified to restore the recommendation that CitiCapital have summary judgment on the counter-claim. Alternatively, CitiCapital requests that its renewed request for oral argument be granted.

DATED this 15 th day of March, 2006.

    s/ Mark C. Manning
    431 West 7th Avenue, Ste. 204
    Anchorage, AK 99501
    Phone: (907) 278-9794
    Fax: (907) 278-1169
    manning@alaska.net
    ABA No. 8110066

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on 3/13/06 to, a copies
of the Motion for Extension of Time and related
Memorandum and Proposed Order were
served electronically on Woodbine Alaska
Fish Co. and on Guy Ferrari, Inc.

And by mail on

Barbara A. Norris
Law Office of Barbara A. Norris
645 West 3rd Avenue
Anchorage, AK 99501-2124


   <u>s/Mark C. Manning</u>