Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska  99501
(907) 278-9794 Fax: 278-1169
manning@alaska.net

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP,                )<br>                                                                            )<br>                            Plaintiff,              )<br>                                                                            )<br>             v.                                                          )<br>                                                                            )<br>EGEGIK SPIRIT, official number           )<br>299957, her equipment, gear, furniture,   )<br>apparel, fixtures, tackle, boats, machinery )<br>anchors and all appurtenances, <u>in</u> <u>rem</u>, <u>et</u> <u>al</u>., )<br>                                                                            )<br>                            Defendants.          )<br>_____)  | IN ADMIRALTY<br>No. A-04-0147 CV (RRB) |

**ANSWER TO FIRST AMENDED COUNTER-CLAIM**

Plaintiff answers the First Amended Counter-claim in this action as follows:

1. Answering paragraphs 1 and 2, the allegations are admitted.

2. Answering the first paragraph 3, Plaintiff admits that it is and at all times relevant has been a corporation organized and existing under the laws of the State of Texas.  The remaining allegations raise a question of law requiring no response.  To the extent a response is required, the remaining allegations are denied.

3. Answering  paragraph 4, Plaintiff admits that the arrested the defendant vessels on July 24, 2004, in ths action to foreclose preferred ship mortgage liens on the vessels for various breaches of mortgages on the vessels and the underlying promissory note.  Except as admitted, the allegations are denied.

4. Answering paragraphs 5, 6, 11 through 15, 17 through 21, 23 through 27, 29 through 34, 36 through 40, 42 through 46, 48 through 50, 52, 54 through 59, 61 through 65, 70 and 71, the allegations are denied.

5. Answering paragraphs 7, 8 and 9, Plaintiff is without information or knowledge sufficient to form a belief as to the truth of the allegations there in, and therefore denies them.

6. Answering paragraph 53, Plaintiff admits that in initial communications, Virginia Ferrari informed counsel Mark Manning in general terms that the defendant vessels were used in the Cross-claimants' business and that their business would be negatively impacted if they were not able to continue using the vessels. Except as admitted, the allegations are denied. Plaintiff asserts affirmatively that in these initial communications, Ms. Ferrari also admitted Cross-claimants had been operating the vessels without insurance and that they were at that time uninsured, all of which breached the mortgages on the vessels.

7. Answering paragraph 60, 68 and 69, Plaintiff denies the allegations therein, except that it is without sufficient information or knowledge to form a belief as to the truth of the allegations as to what Cross-Complainants were informed by third parties and/or believed, and therefore denies them.

8. Answering paragraph 66, the allegations assert the remedy Counter-Claimant seeks and requires no response. To the extent a response is required, the allegations are denied.

9. Answering paragraphs 10, 16, 22, 28, 35, 41, 47, 51, and 67, which refer to other paragraphs in the Counter-claim, Plaintiff incorporates by reference its responses to the referenced paragraphs.

10. All allegations not expressly admitted are denied.

**AFFIRMATIVE DEFENSES**

1. The First Amended Counter-Claim fails to state a claim upon which relief can be granted.

2. At the time the vessels were arrested, and at and all times relevant thereafter, the insuring provisions of the mortgages on the in rem defendants were not met, which constituted independent and sufficient defaults and grounds for arrest of the vessels and retention of them in custody.

  3. Plaintiff rightfully elected to accelerate the debt secured by the mortgages on the vessels. Neither vessel had sufficient value as collateral to reasonably assure payment of the debt secured upon foreclosure.

  4. Counter-Claimants failed to raise their claim prior to the interlocutory sales of the vessels, estopping them from raising the claim now.

  5. Counter-Claimants could not have obtained operating insurance for the vessels that complied with the mortgages.

  6. Counter-Claimants did not have funds to tender to close the agreements they claim were made.

  7. In the event any of the offers Counter-Claimants allege were made, all such offers were terminated by counter-offers, none of which culminated in an agreement.

  8. Counter-Claimants are barred from adducing evidence in support of the alleged agreements by FRE 408.

  9. Counter-Claimants shut down their operation for the season before any insurance that would have enabled them to operate without breaching the mortgages was or could have been obtained.

  10. If any offer was made on behalf of CitiCapital, it was revoked or withdrawn before it was accepted.

  11. CitiCapital's counsel did not have the authority to enter into any of the alleged agreements on behalf of CitiCapital.

  12. The alleged agreements must fail for lack of consideration.

  13. Counter-Claimants failed to mitigate their damages.

  14. If any agreement existed, Counter-Claimants are estopped by their failure to assert an agreement and/or breach thereof when damages could have been avoided.

  15. Counter-Claimants must be estopped from asserting factually inconsistent agreements.

WHEREFORE, Plaintiff prays that

1. the First Amended Counter-Claim be dismissed with prejudice;
2. Plaintiff be awarded its costs and fees incurred in defense of the Counter-claim; and
3. the Court award any other relief it deems appropriate.

DATED this 12th day of May, 2006, at Anchorage, Alaska.

s/ Mark C. Manning
431 West 7th Avenue, Ste. 204
Anchorage, AK 99501
Phone: (907) 278-9794
Fax: (907) 278-1169
manning@alaska.net
ABA No. 8110066

CERTIFICATE OF SERVICE

I hereby certify that, on 5/9/06 to, a copy
of this Answer was
served electronically on Woodbine Alaska
Fish Co. and on Guy Ferrari, Inc.

And by mail on

Barbara A. Norris
Law Office of Barbara A. Norris
645 West 3rd Avenue
Anchorage, AK 99501-2124

  s/Mark C. Manning