Mark C. Manning
Mark C. Manning, P.C.
431 W. 7th Ave., Ste 204
Anchorage, Alaska  99501
(907) 278-9794 Fax: 278-1169
manning@alaska.net
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| CITICAPITAL COMMERCIAL CORP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| EGEGIK SPIRIT, official number ) | |
| 299957, her equipment, gear, furniture, ) | |
| apparel, fixtures, tackle, boats, machinery ) | |
| anchors and all appurtenances, *in rem, et al.*, ) | |
| ) | IN ADMIRALTY |
| Defendants. ) | No. A-04-0147 CV  (RRB) |
| _____ ) | |

**NOTICE CONCERNING ENTRY OF DEFAULT
AND
DEFENDANTS' 17 MAY 2006 LETTER TO THE COURT**

      On May 11, Defendants applied for and the clerk entered default against Plaintiff on the new counter-claim Defendants were allowed to bring some 15 months after the deadline for amending pleadings in this action.  The new counter-claim was served electronically on April 18.  Plaintiff's counsel evidently erred in calendaring an answer for 23 days, or May 11, under Civil Rules 6(e) and 12(a)(1)B)(2) rather than for 13 days under Civil Rules 6(e) and 15(a).

      As the record in this case makes abundantly clear, Plaintiff wants to litigate the counter-claim and has briefed meritorious defenses to it in connection with its summary judgment motions.  Plaintiff is also, of course, prepared to move to set the default aside.  In their surprising letter to the court this afternoon, however, Defendants state that if the court feels it would likely grant a motion to set aside, Defendants would stipulate to set the default aside instead.  In light of this invitation to

the court, Plaintiff files this Notice.

Counsel represents to the court that the primary support for a motion would be as follows. Counsel was ready, willing and able to file the answer on May 11, as explained above. In a telephone conversation with defense counsel on the 11th after learning of the default, counsel agreed that the answer and a stipulation to set the default aside would be filed on the 12th. On the 12th, defense counsel communicated a change of mind. The answer was nonetheless filed on the 12th. The error was inadvertent and promptly corrected. A copy of counsel's e-mail explaining the error is attached. Plaintiff has clearly demonstrated its interest in litigating the counter-claim and has already briefed some of its meritorious defenses. Defense counsel did not comply with the standard of conduct governing Alaska lawyers calling for the courtesy of an inquiry concerning intent to proceed before proceeding to apply for default. Demoski v. New, 737 P. 2d 780, 786 (Alaska 1987); Cook v. Aurora Motors, Inc., 503 P. 2d 1046, 1049 n. 6 (Alaska 1972).

Plaintiff's counsel, of course, wishes to spare the parties and the court motion practice. Defendants have made the unusual offer to stipulate if the court indicates it would probably grant a motion to set aside. Accordingly, Plaintiff requests that the court so indicate. If it does, Plaintiff will arrange the stipulation.

      s/ Mark C. Manning
MARK C. MANNING, P.C.
Counsel for Plaintiff
431 West 7th Avenue, Ste. 204
Anchorage, AK 99501
Phone: (907) 278-9794
Fax: (907) 278-1169
manning@alaska.net
ABA No. 8110066

CERTIFICATE OF SERVICE

I hereby certify that, on 5/17/06 to, a copies
of the foregoing Notice was
served electronically on Woodbine Alaska
Fish Co. and on Guy Ferrari, Inc.

And by mail on

Barbara A. Norris
Law Office of Barbara A. Norris
645 West 3rd Avenue
Anchorage, AK 99501-2124

   s/Mark C. Manning